## HENRY E. WILLIAMS *vs.* ELMER M. CHADWICK.

Second Judicial District, Norwich, October Term, 1901.
TORRANCE, C. J., BALDWIN, HAMERSLEY, HALL and PRENTICE, Js.

A conveyance, though absolute in form, will in equity be regarded as a mortgage, when the facts show that the real transaction is a transfer of property merely to secure the payment of a debt. This applies to a conveyance of personal property as well as to one of real estate.

A conveyance absolute in its terms, and a separate instrument of defeasance executed afterward as a part of the same transaction, should be considered together in determining whether the transfer is an equitable mortgage.

Whether the transaction constitutes a mortgage in equity is to be determined by the character and language of the instruments executed by the parties, and by the surrounding facts, rather than by the

Williams *v.* Chadwick.

belief of the parties as to the legal effect of their acts; and it is not conclusive against such a construction of the transaction, that the parties did not intend to make, and the grantee was not willing to accept, a mortgage.

*A* applied to *B* for a loan of $300, and *B*, having been advised by his attorney not to take a chattel mortgage, offered to purchase of *A* his stock of merchandise in his store and to pay him $300 therefor. Accordingly a bill of sale was made and the money paid to *A*. At the same time *A* gave his note to *B* for $300, and *B* gave *A* an instrument by which he agreed to return the property and to relinquish all claim thereto, upon payment of the note. Afterward *B* demanded of *A* "further security," and *A* gave him a bill of sale of other personal property. All the property remained in *A's* possession. Neither party desired nor intended to make a chattel mortgage. *Held* that the transaction constituted, in equity, a chattel mortgage which *B* could foreclose.

Argued October 15th—decided December 20th, 1901.

ACTION to foreclose what was claimed to be a chattel mortgage, brought to the Court of Common Pleas in New London County and tried to the court, *Noyes, J.;* facts found and judgment rendered for the defendant, and appeal by the plaintiff for alleged errors in the rulings of the court. *Error, judgment set aside and cause remanded.*

The following facts appear by the finding of the trial court: The plaintiff resided in Brooklyn, N. Y., in the winter, and in the summer upon a farm in Salem in this State, where the defendant kept a small general store. In December, 1898, the defendant applied to the plaintiff in New York for a loan of $300. Some discussion was had as to the giving of a chattel mortgage upon the defendant's property, as security for such loan, but the plaintiff was advised by his attorney not to take such mortgage, " and neither party intended or desired a chattel mortgage." Finally the plaintiff agreed with the defendant to purchase of him certain personal property, then in the defendant's possession at Salem, and to pay him $300 therefor, and a bill or memorandum was drawn up but not signed, in this form: "New York, Dec. 27, 1898. H. E. Williams. Bought of E. M. Chadwick," and following this a list of items of personal property, consisting of a wooden store building on leased property, and of horses, harnesses,

carriages, 25 cords of wood, and various articles used in a small store, with values stated, aggregating $300. The plaintiff thereupon gave his check to the defendant for $300, which was afterwards cashed, and it was agreed that the defendant might retain possession of said personal property until the plaintiff should demand it. Afterwards, at the same interview, the defendant gave his note to the plaintiff for $300, payable to the plaintiff's order one year from date, with interest payable quarterly, and the plaintiff signed and delivered to the defendant an instrument dated at New York, Dec. 27, 1898, and reading thus: "I hereby agree that when note given me this day by E. M. Chadwick for $300 is, together with interest on same, fully paid, to return all property to said E. M. Chadwick sold to me this day as per bill, and will relinquish all claim to said property at time of payment of said note." In May, 1899, the plaintiff demanded of the defendant further security, and the defendant gave the plaintiff a bill of sale of all the goods in his store, for which $1 was paid by the plaintiff. There was no delivery of said goods at the time, and the defendant continued to sell them as before; and the finding states that the trial court could not find "that an actual transfer or pledge was contemplated by the parties." In July, 1899, the plaintiff took possession of said store and the goods therein, and also of such of the personal property described in the bill dated December 27th, 1898, as he could find; and in August, 1899, demanded of the defendant the delivery of the remainder of said property. The defendant has not paid the $300 note, and the trial judge states in the finding that he is "unable to find for what purpose the note was given after the parties had agreed upon a sale."

The plaintiff claimed that these facts constituted in equity a mortgage of the property described in the original bill of sale, and in that of May, 1899, and that he was entitled to a foreclosure of the defendant's interest therein. The court did not so rule, but rendered judgment for the defendant.

*Donald G. Perkins* and *Charles B. Waller*, for the appellant (plaintiff).

*Seneca S. Thresher*, for the appellee (defendant).

HALL, J. The only question presented by this appeal is, whether upon the facts found, the transfer of personal property by the defendant to the plaintiff was in effect a chattel mortgage, or an absolute sale. A chattel mortgage is a conditional sale of personal property to secure a debt or obligation of the mortgagor. The condition, upon the performance of which the transfer is to become void, should be contained in the instrument by which the property is conveyed. But a conveyance, absolute in form, will in equity be regarded as a mortgage, when the facts show that the real transaction is a transfer of property merely to secure the payment of a debt. *French* v. *Burns*, 35 Conn. 359; *Carpenter* v. *Snelling*, 97 Mass. 452. A conveyance absolute in its terms, and a separate instrument of defeasance executed afterwards as a part of the same transaction, should be construed together in determining whether the transfer is to be treated as a mortgage. *Mills* v. *Mills*, 26 Conn. 213, 217; *Taber* v. *Hamlin*, 97 Mass. 489, 491. Whether or not the parties intended a particular transfer of property, to be a mortgage, is to be determined by the character and language of the instruments intentionally executed by them, and by the surrounding facts, rather than by the belief of the parties as to the effect of their acts. "If the instrument is in its essence a mortgage, the parties cannot by any stipulations, however express and positive, render it anything but a mortgage, or deprive it of the essential attributes belonging to a mortgage." 3 Pomeroy's Eq. Jur. § 1193. A conveyance of real or of personal property may properly be held to be a mortgage, notwithstanding that, as in the present case, the person receiving it expressed at the time his unwillingness to accept a mortgage. Such was the fact in *Mills* v. *Mills*, 26 Conn. 213, and in *Susman* v. *Whyard*, 149 N. Y. 127.

The true test to be applied to the facts in the present case to determine whether the transaction was a mortgage or an absolute sale, is, was the purpose of the transfer of the prop-

erty in question to secure the payment of a sum of money by the defendant to the plaintiff ?

If we consider only certain acts of the parties in the earlier part of the interview of December 27th, 1898, as we think the trial court erroneously did, namely, that the plaintiff agreed to purchase of the defendant certain property for $300, that a bill of sale describing the property was made, and that the plaintiff paid the purchase price,—we must necessarily conclude that the transfer was not a mortgage, for the reason, among others, that there was no debt to be secured by such sale. But if these acts are interpreted in the light of the other occurrences of this interview, and of the transaction of May, 1899, as they should be, we think it clear that an absolute sale of the property was not intended, but that the conveyance was made for the purpose of securing the repayment of $300 loaned by the plaintiff to the defendant.

The original purpose of the defendant in applying to the plaintiff in New York was not to sell to him his business of a store-keeper in Salem, but to borrow of him $300 and to give him security therefor. The plaintiff gave him the $300 and received the defendant's note for that amount. The defendant retained possession of the property described in the bill of sale of December 27th, and the plaintiff received no part of it until the July following. How much of the property embraced in the bills of sale the plaintiff has ever received, does not appear. He claims that its value is but a small part of $300. In May, 1899, the plaintiff demanded of the defendant "further security," and in answer to such demand the defendant gave him the bill of sale of the goods in the store, but retained possession of the goods and continued to sell them as he had before.

Although the parties may have supposed that the written instruments did not constitute a chattel mortgage, we think it evident from all the facts that they both understood that the plaintiff had loaned the defendant $300, for which the defendant had given his note to the plaintiff; that the bills of sale were given to secure the payment of such indebtedness so evidenced by the note; and that the plaintiff, by the

terms of the instrument signed by him at the interview of December 27th, was, upon the payment of the note, to return such of the property described in the bill of sale as he might have in his possession, to the defendant, and relinquish all claim to all of said property.

These facts were sufficient to entitle the plaintiff to treat the transaction as a mortgage to secure the payment of the $300 note.

The court erred in not sustaining the plaintiff's claim.

The judgment of the Court of Common Pleas is set aside, and the case remanded to that court to be proceeded with according to law.

In this opinion the other judges concurred.