JOSEF ADLER ET AL. *vs.* THE AMMERMAN FURNITURE COMPANY.

Third Judicial District, Bridgeport, October Term, 1923.
WHEELER, C. J., BEACH, CURTIS, KEELER and KELLOGG, Js.

Whether a given transfer of personalty is a chattel mortgage or a conditional contract of sale, is to be determined by the character and language of the instrument intentionally executed by the parties, and by the surrounding facts, rather than by their belief as to the effect of their acts.

The retention of possession by a mortgagor of personalty invalidates the mortgage as against attaching creditors and bona fide purchasers, unless the property mortgaged be included in the list of

Adler *v.* Ammerman Furniture Co.

personal property possession of which may be retained by the mortgagor under General Statutes, § 5206, and unless the deed, containing a particular description of the property and a condition of defeasance, be executed, acknowledged and recorded as mortgages of land.

The delivery and record of a bill of sale absolute in form but intended as security, but without change of possession, does not have the legal effect of a chattel mortgage.

A conditional contract of sale is one by which the general property in the subject-matter of the sale remains in the vendor but is ultimately to pass to the vendee for an agreed consideration on the performance by him of named conditions; and where such is the purpose of the parties, the name or form given the instrument is as a rule immaterial.

The plaintiffs loaned funds to a motor sales company whereby the latter was enabled to pay for and receive a consignment of motortrucks, including the truck in question; and the company gave back to the plaintiffs a note, and a written contract, later duly recorded, reciting the sale and delivery of the truck to the plaintiffs, the latter to reconvey upon payment of the note and to have the privilege of taking possession and selling upon default of such payment. The plaintiffs put a tag upon the truck but never took actual possession of it, and later it was warehoused by the sales company in the name of the defendant bank, which in good faith loaned money to the company upon the security of the warehouse receipt, and, upon the company's insolvency, took possession of the truck and sold it to the other defendant. *Held* that the intention of the parties to the written contract, construed in the light of the surrounding circumstances—including the plaintiffs' lack of title to or possession of the truck—was to provide security for the plaintiffs' loan without the delivery of possession to them as required by law.

The plaintiffs claimed that even if the transaction was not one of conditional sale, it was a sale with retention of possession fully explained and hence valid at common law. *Held* that there was no explanation in the facts which could overcome the presumption of fraud arising in favor of creditors and purchasers from the retention of possession in the case of all transfers of personalty not within the statutory exception, which were in form sales but were actually made as security for the payment of a debt.

The case of *Petello* v. *Teutonia Fire Ins. Co.*, 89 Conn. 175, distinguished.

Argued October 23d, 1923—decided January 8th, 1924.

ACTION of replevin for a motortruck, brought to and tried by the Superior Court in New Haven County, *Webb, J.;* the issues were found in favor of the plain-

tiffs, and in lieu of a judgment for the return of the truck the trial court, by stipulation of the parties, rendered a judgment for the plaintiffs to recover $1,958, from which the defendant appealed. *Error, judgment reversed and cause remanded with direction to render judgment for defendant.*

On March 22d, 1920, the plaintiffs were private bankers engaged in business in New Haven, and the Progressive Motor Sales Company was a legal corporation with its principal place of business in New Haven, and engaged as local distributors of the Winther motor-truck, and had as its treasurer one Jarrett; and the defendant New Haven Bank was a legal corporation transacting a general banking business in New Haven.

The Progressive Motor Sales Company, on and before this date, had contracted for a carload of these trucks, and they were consigned to it and were either in transit or in the railroad yards in New Haven. On this date a bill of lading covering these trucks, including the truck in suit which had been purchased outright by the Progressive Motor Sales Company, with sight draft attached to bill of lading, was sent by the manufacturer to the New Haven Bank, with instruction to notify the Progressive Motor Sales Company. The plaintiffs furnished to the Progressive Motor Sales Company $19,098.48, the face of the sight draft, and they deposited it in their bank and gave the New Haven Bank a check for this amount, and thereupon the Bank delivered to the Progressive Motor Sales Company the bill of lading for these trucks. The advancement of these funds by the plaintiff bankers to the Progressive Motor Sales Company, enabled it to obtain the bill of lading and physical possession from the railroad of the motor-trucks, including the one in suit, and it then took these trucks to its place of business, where the truck in suit remained until transferred to the Smedley

Company, as hereinafter stated. Simultaneously with the giving of plaintiffs' check to the Sales Company, that Company executed the contract, Exhibit A, and the note, Exhibit C, and delivered it, together with all the other notes referred to in Exhibit A. Neither at the time of execution of Exhibit A, nor at any time thereafter, did plaintiffs take possession of the truck in question.

Exhibit A was duly recorded in the town clerk's office of the town of New Haven on March 23d, 1920. Its terms sufficiently appear in the opinion.

The motortruck described in the complaint is the same truck which is described in Exhibit A. On March 23d, 1920, plaintiffs went to the premises of the Progressive Motor Sales Company and checked up the numbers of the motors and trucks in Exhibit A with the trucks there, and found there all which were described in Exhibit A. They also placed a tag in a conspicuous place on each of the trucks with the number of the truck and motor, and a statement that plaintiffs claimed an interest in the respective trucks.

On April 1st, 1920, Jarrett, without the knowledge and consent of the plaintiffs, removed the tag from the truck described in the complaint, and caused the truck to be removed to the Smedley Warehouse Company at New Haven, and took from this Company a non-negotiable warehouse receipt in the name of the New Haven Bank N. B. A. On April 10th, 1920, this bank loaned the Progressive Motor Sales Company $1,600 and took its note describing the truck as collateral security for the payment of the note, and the Company delivered the warehouse receipt to the bank. At this time the bank had no actual notice of any claim of the plaintiffs to this truck. Within a few days after April 1st, 1920, the plaintiffs inquired of Jarrett as to the whereabouts of the truck, and were informed it was in

Newark, New Jersey, having a body fitted thereto, and plaintiffs relied on this.

The Progressive Motor Sales Company went into bankruptcy in July, 1920, and plaintiffs, on inquiry, learned for the first time that the truck was in the warehouse in the name of this bank on a non-negotiable receipt. Plaintiffs immediately gave the bank notice of their claim to this truck. Jarrett had no authority to convert the physical possession of this truck to his own use or that of his own company, nor to negotiate the warehouse receipt for it to the bank. On July 29th, 1920, the note to the bank being unpaid, it surrendered the warehouse receipt to the Smedley Company and took the truck into its possession and receipted to the Company therefor. On July 30th, 1920, the defendant purchased the truck from the bank and took possession of the same, and retained possession thereof until the same was replevied in this action.

The note of the Progressive Motor Sales Company to plaintiffs was never paid and is still the property of the plaintiffs. The real party defendant in interest is the bank, and the defendant Ammerman Furniture Company claims no interest except under and through the bank. The parties stipulated that, should the plaintiffs prevail, judgment should be entered for $1,692 damages with interest from August 4th, 1920, at six per cent, together with the taxable costs, instead of for the possession of the truck.

*James D. Hart*, with whom, on the brief, was *Frank Kenna*, for the appellant (defendant).

*Charles J. Martin* and *Bertrand B. Salzman*, for the appellees (plaintiffs).

WHEELER, C. J. We correct the finding in accordance with paragraphs 1, 2 and 3 of the motion to correct.

We strike out paragraphs 10, 12, 18, 19 and 20 of the finding as allegations of legal claims and not findings of fact, and add paragraph 6 of the draft-finding. These additions to and subtractions from the finding are included in the statement of the case as made above.

The defendant's title to this truck depends upon whether the New Haven Bank had a right to sell to it the truck, and that depends upon whether Exhibit A is a chattel mortgage or a conditional contract of sale. "A chattel mortgage is a conditional sale of personal property to secure a debt or obligation of the mortgagor. . . . Whether or not the parties intended a particular transfer of property to be a mortgage, is to be determined by the character and language of the instruments intentionally executed by them, and by the surrounding facts, rather than by the belief of the parties as to the effect of their acts." *Williams* v. *Chadwick*, 74 Conn. 252, 255, 50 Atl. 720. The retention of possession by a mortgagor of personal property makes the mortgage invalid as against attaching creditors and bona fide purchasers, unless the property mortgaged be included in the list of personal property which General Statutes, § 5206, authorizes the mortgagor to retain possession of upon certain conditions, viz.: that the mortgage deed shall contain a condition of defeasance, and a particular description of the property, and be executed, acknowledged and recorded as mortgages of land. *Hartford-Connecticut Trust Co.* v. *Puritan Laundry, Inc.*, 95 Conn. 172, 180, 111 Atl. 149. Since the truck in question is not within the classes of personal property excepted by the statute, there was no obligation upon the parties to it to have recorded Exhibit A, assuming it to have been a chattel mortgage, and the recording of it was not notice to the New Haven Bank, since it was under no duty to look to the records for such an instrument. "The delivery and record of

a bill of sale absolute in form, but intended as security, without change of possession, does not have the legal effect of a chattel mortgage." *Petello* v. *Teutonia Fire Ins. Co.*, 89 Conn. 175, 180, 93 Atl. 137; *Romeo* v. *Martucci*, 72 Conn. 504, 509, 510, 45 Atl. 1, 99; 2 Swift's Digest, 164. A conditional contract of sale is a contract by which the general property in the personal property constituting the subject of the sale remains in the vendor, but is ultimately to pass to the vendee for an agreed consideration on the performance by him of named conditions. "Where this is intended to be the effect, operation and main purpose of the contract, it will, as a rule, be held to be one of conditional sale, without much regard to the name or the form the parties may give to it." *In re Wilcox & Howe Co.*, 70 Conn. 220, 228, 39 Atl. 163. "The effect of the Act of 1895 [now General Statutes, § 5206] was to render conditional sales which should thereafter be made and which should not be made, acknowledged and recorded in conformity with the provisions of the Act, absolute sales as to creditors and bona fide purchasers of the vendee." *Cohen* v. *Schneider*, 70 Conn. 505, 510, 40 Atl. 455.

Exhibit A was made, acknowledged and recorded in conformity with the requirements of General Statutes, § 5206, and if it be a contract of conditional sale and had been accompanied by delivery of possession, it would have been good as against the New Haven Bank and its vendee, the defendant. But if Exhibit A is in form a chattel mortgage, its record was no notice to the New Haven Bank, and as the plaintiffs failed to take possession of the subject of the mortgage, the title of the Bank as against the plaintiffs was absolute.

Let us examine the terms of Exhibit A to ascertain what the parties to it intended by it. The Progressive Motor Sales Company, the vendor, conveys, sells and delivers this truck to the vendees, the plaintiffs. A

conditional sale of personal property requires that the title shall remain in the vendor until certain conditions are fulfilled, when it shall pass to the vendee. Exhibit A recites a conveyance of personal property whose title is in the Sales Company and not in Adler, Salzman and Adler, the plaintiffs. The foundational requirement of a conditional sale is absent. The trial court in its memorandum of opinion holds that the parties have been erroneously described in Exhibit A, and that in fact the Sales Company is the conditional vendee and the plaintiffs the conditional vendors, and hence Exhibit A was sufficient to give notice, under the facts proven, to the New Haven Bank of the superior title of these plaintiffs. Exhibit A could not be reformed in this informal way. None of the parties ask for such reformation. Moreover, we have been unable to read the evidence as the trial court did. The evidence, as we interpret it, plainly shows that at no time did the plaintiffs acquire title to this truck. The plaintiffs' position is that they furnished the funds with which to pay the sight draft attached to the bill of lading, and that their act gave to the Sales Company the ownership of the truck which it immediately transferred, by Exhibit A, to the plaintiffs, and retained possession thereof upon condition that, upon payment of its debt to plaintiffs, they would reconvey to it, and that this transaction in legal effect was the same as if the truck had been directly consigned to Adler, Salzman and Adler. This position concedes that the ownership passed directly from the consignor to the Sales Company. Adler, Salzman and Adler never acquired title to the trucks from the consignor. It also appears, as to the truck in controversy, that it was bought outright from the consignor and was not consigned with the other trucks, so that as to this truck Adler, Salzman and Adler, even upon their theory, did not acquire at

any time title to this truck.   But if the truck had been among those consigned, we could not hold that the transfer by the Sales Company to Adler, Salzman and Adler was the equivalent of a transfer direct from the consignor to Adler, Salzman and Adler.   The only interest in these trucks which they had came through the ownership of the Sales Company, and this may have given them a mortgagees' interest, but could not make them conditional vendors of this truck.   The plaintiffs also claim that title to these trucks passed to them by the symbolical delivery represented in the bill of lading.   The facts found controvert this.   On payment of the sight draft the bank turned over to the Sales Company the bill of lading and it then took possession. Adler, Salzman and Adler never had possession of the bill of lading.   This disposes of the claim that Exhibit A is a contract of conditional sale.

Exhibit A recites the conveyance and delivery of the truck by the Sales Company to the plaintiffs, but in fact there was no delivery and the possession of the truck was continuously retained by the Sales Company, so that as against the New Haven Bank, Exhibit A, if intended to be a chattel mortgage, could not be effective as such.   The form of conveyance was appropriate for a chattel mortgage.   The instrument further recites that the truck is free and clear of all encumbrance, and that the Sales Company has a good right to sell and that it would warrant and defend the title.   These are appropriate features of a chattel mortgage.   Adler, Salzman and Adler agree that they will reconvey any of the trucks conveyed to them upon the payment by the Sales Company of the note given upon such truck; and the Sales Company agrees that if it shall fail to make payment of any of these notes, Adler, Salzman and Adler may take possession of the truck for which the note was given.   This is the defeasance clause of the

chattel mortgage. The provision giving Adler, Salzman and Adler the right to sell the truck upon default in payment of the note given therefor and apply the proceeds of the sale to their indebtedness and turn over the surplus if any to the Sales Company, is similar to the provision in a chattel mortgage giving the mortgagee the right to sell the chattel upon the failure of the mortgagor to make payments and deduct the indebtedness to the mortgagee together with his expenses from the proceeds, and pay to the mortgagor the surplus. The further provision in Exhibit A, that if the proceeds of sale do not reimburse Adler, Salzman and Adler, the Sales Company agrees to reimburse them for any balance remaining unpaid, is analogous to a provision for a deficiency judgment. The recitals of Exhibit A that the Sales Company is acting as the agent of Adler, Salzman and Adler, and that if it does not pay they shall have the right to the immediate possession of the trucks, are not appropriate provisions of a chattel mortgage, and may have been introduced in this instrument, as the defendant suggests, in order to "frustrate the object of the statute for the plaintiffs' failure to take possession." Upon consideration of the entire instrument, we incline to the view that the parties intended it to be a chattel mortgage, but failed to make it an effective legal chattel mortgage as against creditors or purchasers, by permitting the possession to be retained by the mortgagor, the Sales Company.

The plaintiffs' claim of title to this truck must fall unless Exhibit A be held to be a conditional bill of sale wherein the plaintiffs are conditional vendors and the Sales Company conditional vendee. The instrument does not by its terms recognize a title to this truck in these plaintiffs; nor do the facts sustain such title. The intention of the parties as found from the instrument, construed in the light of the surrounding cir-

cumstances, determines the character of the instrument. That intention appears to have been to secure the plaintiffs in their loan to the Sales Company by this instrument without having the plaintiffs take possession.

The case of *Petello* v. *Teutonia Fire Ins. Co.*, 89 Conn. 175, 93 Atl. 137, upon which the plaintiffs rely, differs radically from this case. There the loan was made on the agreement that the lender should be secured by a bill of sale of the property purchased by the borrower, and, for the purpose of securing the lender, the borrower had the vendor make out a bill of sale directly to the lender. The title in the borrower carried the legal possession upon the making of the transfer and bill of sale, although the borrower went into the immediate physical possession. In law he acquired possession from the lender, who was the vendee under the contract of sale. In the instant case the lender never had legal possession of the trucks and never had title to them.

Finally, the plaintiffs claim that even though the transaction cannot be regarded as one of conditional sale, it may be regarded as a sale of goods for purposes of security, with retention of possession fully explained, and hence is valid at common law as against creditors or purchasers. We do not find any explanation in the facts found which could overcome the presumption arising from the retention of possession. That presumption applies in favor of creditors and purchasers to all transactions which are in form sales but in fact mortgages, pledges, charges or other security for the repayment of a debt, unless they fall within the exceptions contained in General Statutes, § 5206. *Hartford-Connecticut Trust Co.* v. *Puritan Laundry, Inc.*, 95 Conn. 172, 180, 111 Atl. 149.

There is error, the judgment is reversed and the Superior Court directed to render judgment for the defendant.

In this opinion the other judges concurred.