MICHAEL CAPPELLETTI vs. JOHN D. TIERNEY.

Third Judicial District, Bridgeport, October Term, 1924.
WHEELER, C. J., BEACH, CURTIS, KELLOGG and BANKS, Js.

A finding need not be in the identical language of the draft-finding, even though the latter be sustained by evidence; it is sufficient if the facts are in effect found.

The delivery and record of a bill of sale absolute in form but intended as security, but without change of possession, does not have the legal effect of a chattel mortgage.

The legal requirement that a change of possession must accompany a sale of personal property, is not satisfied by a delivery which leaves the property in the same apparent relation to the vendor that it had before the sale; the change must be manifest, continued and open, so as to indicate to the world a transfer of title.

In the present case, M transferred possession of two automobiles to the plaintiff as security for a debt. Four days later, M requested their return and the plaintiff, acting upon legal advice that his security would not be impaired, redelivered the cars, after taking a bill of

sale from M, to whom he at the same time gave a conditional bill of sale for the amount of the debt, both instruments being duly recorded. Thereafter the automobiles were attached by the defendant, a deputy-sheriff acting for a creditor of M, and the plaintiff brought this action of replevin. *Held* that the plaintiff was not entitled to possession of the cars as against the defendant, since he had acquired no further interest by the exchange of the bills of sale which, under the circumstances, was merely a colorable transaction.

Argued October 28th—decided December 12th, 1924.

ACTION of replevin to recover the possession of two automobiles, brought to and tried by the District Court of Waterbury, *Peasley, J.;* facts found and judgment rendered in favor of the defendant for the recovery of the possession of the automobiles, and for $1 damages, and appeal by the plaintiff. *No error.*

The finding states the following facts: For a period of about four years prior to July 19th, 1922, one K. Charles Matusevice was the owner of the two automobiles in question, a touring car and a truck, and had kept these automobiles in his garage in Waterbury and operated them about the city of Waterbury and adjacent highways during this period. On July 19th, 1922, and for some time prior thereto Matusevice was indebted to the plaintiff in the sum of $1,000, and prior to July 19th, 1922, the plaintiff was pressing Matusevice for the payment of this indebtedness and threatened to attach these automobiles, and being informed by Matusevice that he was unable to pay the indebtedness, stated that he should secure him for the same, and that such security must be given immediately. Matusevice, therefore, on July 15th, 1922, turned over these automobiles to the plaintiff as security for the outstanding indebtedness of $1,000, the cars to remain with the plaintiff until Matusevice should get the money to pay the plaintiff. On July 19th, 1922, and while the plaintiff still held these cars as security, he

and Matusevice went to the office of an attorney at law and stated to him that Matusevice wanted the cars back again, and requested that papers be so drawn that he, the plaintiff, would be secured. Thereupon Matusevice executed and delivered to the plaintiff a bill of sale of these automobiles, and at the same time the plaintiff executed and delivered to Matusevice a conditional bill of sale of the same, based upon the amount owed by Matusevice to the plaintiff. Both bills of sale were thereupon recorded in the office of the town clerk of Waterbury. Immediately after the execution of these bills of sale, on July 19th, 1922, the plaintiff redelivered the automobiles to Matusevice, having had them in his possession for four days, and thereafter Matusevice kept them in his garage and maintained and operated them, as had been his custom for a period of about four years prior thereto, and retained the entire possession and control of them until February 16th, 1923, when the defendant, as a deputy-sheriff, attached and took them into his possession by virtue of a writ of attachment in the case of Sebastian and Anna Bernhardt vs. K. Charles Matusevice, returnable to the District Court of Waterbury on the first Tuesday of March, 1923. On March 29th, 1923, a judgment in this action for these plaintiffs to recover of the defendant Matusevice the sum of $1,025.65 and costs, was rendered by the District Court of Waterbury, and on April 24th, 1923, when this defendant Tierney attempted to satisfy the execution issued on the judgment by a sale of these automobiles, the plaintiff Cappelletti caused them to be replevied to him in this action.

*Edward Mascolo,* with whom, on the brief, was *Frederic W. Dauch,* for the appellant (plaintiff).

*Albert W. Hummel,* for the appellee (defendant).

KELLOGG, J. The plaintiff seeks a correction of the finding in many particulars, both by substituting certain of the statements of his draft-finding for those contained in the finding made by the court, and by adding thereto certain paragraphs. A careful examination of the evidence discloses that in substance practically all of the facts sought to be incorporated in the finding by the proposed correction in and additions thereto, are covered by the finding as made by the court. "It is not required that the court's finding in any paragraph shall be in the identical language of the request, though the latter is sustained by evidence: it is sufficient that the fact itself is found." *Mad River Co.* v. *Pracney,* 100 Conn. 466, 471, 123 Atl. 918; *Olesen* v. *Beckanstin,* 93 Conn. 614, 107 Atl. 514.

In this case none of the facts of the finding by the court is found without evidence, and no material fact established by uncontradicted testimony has been omitted. The finding is therefore not to be corrected as requested.

The main and decisive question to be determined in this case is whether or not the plaintiff Cappelletti had in July, 1922, the title, ownership and possession of the automobiles in question, or whether he held them during the four days in July, 1922, while they were in his possession, as security for the indebtedness of $1,000 owed him by Matusevice, who had owned and possessed these cars for about four years prior to July, 1922. As a question of fact the finding of the court is explicit upon this: "Some days prior to July 19th, 1922, Matusevice informed the plaintiff that he was unable to pay this outstanding indebtedness and the plaintiff thereupon informed Matusevice that, inasmuch as he was unable to pay the outstanding indebtedness, Matusevice should secure him for the same, and that such security must be given immediately. Thereupon

Matusevice, on July 15th, 1922, turned over his touring car and motor truck, as security for the outstanding indebtedness of $1,000, the cars to remain with the plaintiff until Matusevice should get the money to pay the plaintiff." Four days later the plaintiff and Matusevice went to an attorney, the plaintiff stated that Matusevice wanted his cars back again, and requested that papers be so drawn that the plaintiff would be secured. A bill of sale of the cars to the plaintiff was executed by Matusevice, and the plaintiff in turn executed a conditional bill of sale to Matusevice for the amount owed him by Matusevice. Both bills of sale were then recorded, and Matusevice immediately took possession of the cars and operated as formerly until the following February, when they were attached under a lawful writ by the defendant Tierney. Did these proceedings, as a matter of law, vest the title and full ownership of these automobiles in the plaintiff? "The law is not content to declare what shall be the effect of a retention of possession, but in order to make the doctrine effectual, and prevent evasion, many other equally vigorous rules have been prescribed: for instance, the law determines with the same unrelenting spirit what shall be regarded as a continued possession in the vendor, so that even an actual delivery and an actual change of possession is not enough, so long as the property is so placed that it holds the same apparent relation to the vendor that it had before this sale. There must, in short, be such a manifest, continued and open change of possession, as to indicate to the world a change of title." *Seymour* v. *O'Keefe*, 44 Conn. 128, 131; *Freedman* v. *Avery*, 89 Conn. 439, 94 Atl. 969. "It is not enough that there is an actual delivery, and an actual change of possession as between the vendor and vendee, so long as the property, without legal excuse, is so placed back into the same condition

and the same apparent relation to the vendor, that there is no such manifest and continued change of possession as would indicate to the world that there has been a change of title." *Norton* v. *Doolittle*, 32 Conn. 405. "The delivery and record of a bill of sale absolute in form but intended as security, but without change of possession, does not have the legal effect of a chattel mortgage." *Adler* v. *Ammerman Furniture Co.*, 100 Conn. 223, 224, 123 Atl. 268.

In view of the foregoing decisions, and of the finding by the court that these automobiles were held by the plaintiff, during the four days in which he had possession of them, as security for the indebtedness to him of Matusevice, and in view of the undisputed fact that, with the exception of these four days the automobiles were in the possession of and under the full control of Matusevice for a number of years, we cannot hold that the title to and ownership of these automobiles were ever vested in the plaintiff.

There is no error.

In this opinion the other judges concurred.