MAUDE R. BICKART *vs.* ADOLPH SANDITZ ET AL.

Third Judicial District, New Haven, January Term, 1927.

WHEELER, C. J., MALTBIE, HAINES, HINMAN and WOLFE, Js.

While the retention of possession of personal property by the vendor after a sale does not affect the rights of the parties as between themselves, it does render the sale invalid as against subsequent attaching creditors of the vendor without notice, and bona fide purchasers without notice who secure possession of the property.

In so far as our statutes provide for the record of mortgages of certain articles of personal property, they create exceptions to the general policy of the law with respect to retention of possession and are, therefore, to be strictly construed to require exact compliance with their terms as a condition precedent to the existence of a lien valid against purchasers and attaching creditors .without actual notice.

Motortrucks used to carry merchandise to and from a manufacturing establishment are not "situated and used therein" within the meaning of § 5206 of the General Statutes, which sanctions retention of possession by the mortgagor "whenever any manufacturing or mechanical establishment, together with the machinery, engine or other implements situated and used therein . . . shall be mortgaged by a deed ·. . . executed, acknowledged and recorded as mortgages of land."

The recording of a chattel mortgage is not notice to a bona fide purchaser, unless the property is included within the list of articles excepted' by statute from the operation of the rule against retention of possession.

If the signature of the mortgagor is attested by only a single witness, a chattel mortgage does not comply with the requirement of § 5206 that it shall be "executed, acknowledged· and recorded as mortgages of land."

Argued January 27th—decided March 5th, 1927.

ACTION of replevin to recover possession of two motortrucks, brought to the Superior Court in New Haven County and tried to the court, *Ells, J.;* judgment for the defendants and appeal by the plaintiff. *No error.*

On December 20th, 1921, plaintiff owned a bottling establishment in the city of Waterbury, consisting of machinery, tools and equipment used in the bottling business, and three automobile trucks, all of which personal property she sold to one Samson Yolen and gave to him the exclusive possession thereof. At the time of such sale Yolen gave a purchase money mortgage to plaintiff, covering the property in question, which mortgage contained a replacement clause. The mortgage was attested by one witness only and was recorded in the personal property records in the office of the town clerk at Waterbury.

Two of the trucks covered by the mortgage were later burned and the insurance money covering them was paid to plaintiff as mortgagee. Thereafter Yolen purchased two other trucks for use in such business and these trucks are the subjects of this action. Subsequently to such purchase, Yolen, with the consent of plaintiff, sold and delivered the property covered by the chattel mortgage, together with the two trucks thus bought by him, to one G. Yolen and one Charles Kraft, who continued to conduct the bottling business.

By several transfers of possession, title to and possession of the trucks came to defendants, who sold the same to one Louis Yolen, under a conditional bill of sale, which bill of sale was duly recorded in the office of the town clerk at Waterbury. Louis Yolen having thereafter defaulted in the payments provided for in such conditional sale contract, defendants, pursuant to the provisions of such conditional sale contract, repossessed themselves of the trucks. Before

such repossession of the trucks by defendants, plaintiff brought an action against Samson Yolen for the foreclosure· of the chattel mortgage given to her by him, and in the decree of foreclosure the Superior Court ordered the sale of such interest as Samson Yolen had in the trucks in question. At the date of such foreclosure the trucks replevied were not in the possession of Samson Yolen, or of any of his successors in the bottling business, but were in the possession of Louis Yolen, defendants' conditional vendee. On the foreclosure sale the property covered by the mortgage was sold to one Monroe Bickart, husband of plaintiff. Thereafter plaintiff brought this action of replevin against defendants, claiming that she was lawfully entitled to the immediate possession of the trucks.

Plaintiff at no time was in possession of the mortgaged property between December 20th, 1921, the date of her chattel mortgage, and April 17th, 1925, the date when the trucks were replevied, and at no time was in possession of the trucks involved in this action before the date of the replevin.

From the finding it further appears that the court found that the defendants are bona fide purchasers, upon a valuable consideration, of the trucks in question, and had no actual notice of any dealings of plaintiff with Samson Yolen with regard to the same, or of any court proceedings with regard to the foreclosure.

Upon the foregoing facts found, the court reached the following conclusions: (1) that the chattel mortgage from Samson Yolen to plaintiff was a valid mortgage between the parties themselves and their successors in interest in the property mortgaged, who took the same thereafter with knowledge of the chattel mortgage; but (2) that as to the trucks replevied, such chattel mortgage was void and ineffective as to bona

fide purchasers from and creditors of Samson Yolen, the mortgagor, and his assigns, in that the trucks are not within the purview of §§ 5206 and 5208 of the General Statutes; (3) that the mortgage was ineffective as to subsequent purchasers without knowledge because it was attested by one witness only; (4) that defendants, as bona fide purchasers of the trucks in question, were not affected by a sale under foreclosure in an action brought by plaintiff against Samson Yolen; and (5) that the receipt of the insurance money by plaintiff for the trucks burned, precluded plaintiff from claiming the trucks subsequently purchased by Samson Yolen and the subject of this action against defendants.

*Raymond E. Hackett,* with whom was *Ulysses G. Church,* for the appellant (plaintiff).

*Max R. Traurig,* for the appellees (defendants).

WOLFE, J.　Plaintiff seeks corrections of the finding in both striking out several of the paragraphs of the finding made by the court and substituting others in her draft-finding, and also by adding thereto certain other paragraphs.　An examination of the evidence discloses that no fact is found without evidence, and no material fact established by uncontradicted evidence has been omitted.　The finding is therefore not to be corrected as requested.

It appears that the motortrucks described in the chattel mortgage were never placed in the possession of plaintiff, but were retained in the possession of Samson Yolen, the mortgagor, at all times up to their destruction by fire, and that the trucks subsequently purchased by him and involved in the replevin, were never in the possession of plaintiff, but passed by sale

to several different purchasers and finally to defendants, who are bona fide purchasers, upon a valuable consideration and without notice of any claim against them by plaintiff, until demand was made for the return of the trucks in the present action. Plaintiff does not question the rule of law that while the retention of possession of personal property by the vendor after a sale does not affect the rights of the parties as between themselves, it renders the sale invalid as against subsequent attaching creditors of the vendor, without notice, and bona fide purchasers without notice who secure the property. *Patchin* v. *Rowell,* 86 Conn. 372, 376, 85 Atl. 511. While conceding the general rule to be as just stated, plaintiff contended in this court, as she did in the court below, that at the time of the institution of this action she was lawfully entitled to the possession of the trucks in question, by virtue of the chattel mortgage from Samson Yolen to her, of date of December 20th, 1921, relying for her claim upon §§ 5206 and 5208 of the General Statutes, which deal with the subject of chattel mortgages of goods without possession given to the mortgagee, and after-acquired property of like nature that is covered by an existing mortgage.

Section 5206 provides that "when any manufacturing or mechanical establishment, together with the machinery, engines or other implements situated and used therein; or any printing, publishing or engraving establishment, together with the machinery, engines, implements, cases, types, cuts or plates situated and used therein; . . . shall be mortgaged by a deed containing a condition of defeasance, and a particular description of such personal property, executed, acknowledged and recorded as mortgages of land, the retention . . . of the possession of such personal property shall not impair the title of the mortgagee."

Section 5208 provides that "any after-acquired property forming a part of the establishment . . . or . . . used therein, or any after-acquired, substituted machinery or personal property, of like nature to the property included in such mortgage, shall be covered by such mortgage," etc.

The sections in question "are in the nature of exceptions to the general policy of the law. They do not reverse the general rule as to the effect of retention of possession of tangible chattels by the former owner, . . . but they do create definite exceptions to the rule upon terms imposed by the statutes themselves; and compliance with such terms is thus made a condition precedent to the validity of the lien as against all purchasers and attaching creditors not having actual notice thereof." *Safford* v. *McNeil,* 102 Conn. 684, 688, 129 Atl. 721; *Hartford-Connecticut Trust Co.* v. *Puritan Laundry, Inc.,* 95 Conn. 172, 180, 111 Atl. 149.

To come within the scope of the statute and to be the subject of a chattel mortgage, good against attaching creditors and bona fide purchasers without notice, personal property left in the possession of the mortgagor must be property that is situated within and used within the manufacturing or mechanical establishment. The motortrucks in question were not situated within and used within the establishment in question, but were used in carrying merchandise to and from the establishment. Property of this character is not property within the classes excepted by the statute.

"The retention of possession by a mortgagor of personal property makes the mortgage invalid as against attaching creditors and bona fide purchasers, unless the property mortgaged be included in the list of personal property which General Statutes, § 5206, authorizes the mortgagor to retain possession of upon

certain conditions." *Adler* v. *Ammerman Furniture Co.*, 100 Conn. 223, 228, 123 Atl. 268. If the property in question is not within the classes of personal property excepted by the statute, the recording of the mortgage is not notice to a bona fide purchaser. *Adler* v. *Ammerman Furniture Co.*, *supra*, 228. To come within the provisions of the statute, the chattels sought to be mortgaged should be in effect "situated and used in" the particular establishment. *Talcott* v. *Meigs*, 64 Conn. 55, 58, 29 Atl. 131. When a statute creates an exception to a general rule, it is to be construed strictly and its language is not to be extended beyond its evident intent. *Patten* v. *Smith*, 4 Conn. 450, 454.

The trucks in question not being within the classes of property within the exceptions of the statute, it follows that the chattel mortgage was ineffective against defendants and that at the time of the replevin plaintiff was not lawfully entitled to their possession as against defendants, but that both title and the right of possession were lawfully in the latter.

The trial court held that the mortgage was ineffective against the defendants, upon the grounds above stated, and also upon the ground that the mortgage was witnessed by a single witness only. Section 5206 provides, as one of the conditions making valid a mortgage of personal property, with retention of possession by the mortgagor, that the mortgage shall be "executed, acknowledged and recorded as mortgages of land." Section 5084 of the General Statutes provides that all conveyances of land shall be "attested by two witnesses." Reading § 5206 in the light of § 5084, it is quite evident that the framers of § 5206 intended that a chattel mortgage should conform, in all respects, to the manner of execution and acknowledgment of a mortgage of land. If the contention of the appellants, that a single witness suffices to attest the

signature of a mortgagor of chattels, and thus make valid a mortgage so attested, is true, then, in view of the fact that § 5206 does not specifically refer to attesting witnesses, it would follow as of course that a mortgage of chattels without the name of any attesting witness, would be equally valid. Such a conclusion would not conform to the apparent meaning of the Act in question, nor to our long-established custom of requiring attesting witnesses to instruments under seal that are required to be recorded. A deed of land, attested by one witness only, is not valid. *New Haven Trust Co.* v. *Camp,* 81 Conn. 539, 541, 71 Atl. 788; *Farrel Foundry* v. *Dart,* 26 Conn. 376, 381; *Merwin* v. *Camp,* 3 Conn. 35, 41. A deed defectively executed does not charge a bona fide purchaser with notice of its existence. *Craig & Co., Ltd.* v. *Uncas Paperboard Co.,* 104 Conn. 559, 568, 133 Atl. 673; *Safford* v. *McNeil,* 102 Conn. 684, 688, 129 Atl. 721; *Liquid Carbonic Co.* v. *Black,* 102 Conn. 390, 392, 128 Atl. 514.

As our conclusions above stated are decisive of plaintiff's appeal, we do not deem it necessary to decide whether, because of the fact that the trucks described in the chattel mortgage were later burned and plaintiff received the insurance money thereon, the trucks in question were in fact replacements under § 5208.

There is no error.

In this opinion the other judges concurred.