FLORA TERZANO vs. DOMENICO CLEMENTE ET AL.

MALTBIE, C. J., HAINES, HINMAN, BANKS and AVERY, Js.

Argued June 7th—decided July 25th, 1933.

*Robert J. Woodruff,* with whom, on the brief, was *Arnold Fasano,* for the appellant (plaintiff).

*Joseph A. Hackett,* for the appellee (defendant Clemente), with whom was *John T. Monzani,* for the appellee (defendant Scopino).

MALTBIE, C. J.   This is an action for the conversion of a Reo motor truck brought against Domenico Clemente and D. A. Scopino, doing business as the Diamond Motor Service.   From a judgment for the defendants the plaintiff has appealed.   On February 4th, 1928, Clemente was in possession of the truck under a conditional bill of sale.   He was indebted to the plaintiff and was otherwise financially embarrassed.   On that day he caused to be prepared, and executed, a bill of sale of the truck which purported to sell and convey it to the plaintiff and he and the plaintiff executed a conditional bill of sale which purported to resell it to him.   This was promptly recorded.   No money or evidence of indebtedness passed between the parties in the transaction.   On the same day Clemente drove the truck into the plaintiff's yard where he left it for five days; but during this time neither the plaintiff nor her husband exercised any acts of dominion over it. Clemente then took it again into his possession and continued to use it in his business.

In November, 1928, creditors were pressing him and he and the plaintiff's husband caused the truck to be registered in her name; and in January, 1929, Clemente again registered the truck, and also insured it, in her name, paying the cost thereof himself.   In January, 1929, he went into the possession of a farm which the

plaintiff had leased, taking the truck with him, under an agreement made by him and his wife with the plaintiff to operate the farm and to pay from the profits his indebtedness to her; but nowhere in this agreement was any mention made of any indebtedness between the parties because of the transaction involving the truck. In 1930, after this agreement had expired, Clemente registered the truck in his own name. On July 3d, 1931, Clemente delivered the Reo truck to the defendant Scopino as part consideration for the purchase of another truck. The plaintiff's husband, who in all matters connected with the truck acted as her agent, examined the truck Clemente purchased before he bought it and both he and the plaintiff saw it shortly after its purchase at Clemente's home and knew he had delivered the Reo truck to Scopino in part payment for it. The plaintiff did nothing to assert any claim of ownership in the Reo truck until January, 1932.

The trial court concluded that the execution of the bill of sale from Clemente to the plaintiff and the conditional bill of sale between them were without consideration or actual delivery, and were executed for the purpose of placing the truck beyond the reach of Clemente's creditors and to secure a debt owed to the plaintiff's husband, and that these instruments were therefore void and of no force. The conclusion as to the purpose of the transaction between the parties is one reasonably to be inferred from the facts and that there was no more than a colorable delivery of the truck to the plaintiff is apparent. We must, under the finding, regard the purported bill of sale to the plaintiff as in reality a mortgage of the truck by Clemente, without any real delivery of possession; hence, not being within the terms of § 5092 of the General Statutes, the transaction would be void as to

a bona fide purchaser; *Adler* v. *Ammerman Furniture Co.*, 100 Conn. 223, 228, 123 Atl. 268; *Bickart* v. *Sanditz*, 105 Conn. 766, 772, 136 Atl. 580; and that the bill of sale was absolute in its terms would not affect this result. *Williams* v. *Chadwick*, 74 Conn. 252, 50 Atl. 720. The conditional bill of sale from the plaintiff to Clemente would not prevent the application to the situation of the usual rules concerning the effect of the retention of possession of personal property by one purporting to sell it. *Cohen* v. *Schneider*, 70 Conn. 505, 510, 40 Atl. 455; *Spencer* v. *Broughton*, 77 Conn. 38, 41, 58 Atl. 236. The situation does not materially differ from that before us in *Cappelletti* v. *Tierney*, 101 Conn. 562, 126 Atl. 839, where we held under similar circumstances that the automobile in question was open to attachment by a creditor of the real owner. It is true that there is no specific finding that the defendant Scopino was a bona fide purchaser, but the plaintiff nowhere claimed to the contrary and we may therefore fairly assume that to have been a conceded fact.

The judgment in favor of the defendant Scopino was clearly correct. As regards the defendant Clemente, regarding the real transaction as a mortgage of the truck by him to the plaintiff, as we must do, their rights are to be determined upon that basis. The principles we have stated do not apply between the immediate parties to a mortgage of personal property. *Hartford-Connecticut Trust Co.* v. *Puritan Laundry, Inc.*, 95 Conn. 172, 180, 111 Atl. 149; *Marciel* v. *Berman*, 104 Conn. 165, 169, 132 Atl. 397. An antecedent debt is a good consideration for a mortgage, at least as between the parties. *First National Bank v. National Grain Corporation*, 103 Conn. 657, 665, 131 Atl. 404. A sale or transfer of mortgaged personal property by a mortgagor in possession, not reserving the rights

of the mortgagee and without the latter's consent, constitutes a conversion. *Ashmead* v. *Kellogg*, 23 Conn. 70, 74. Upon this record we cannot say that, as between the plaintiff and Clemente, the transaction was merely colorable, or that the plaintiff consented to the transfer of the truck to Scopino or that there were other facts which would defeat a recovery by the plaintiff against him based upon the conversion of the truck.

There is no error as regards the defendant Scopino. There is error as regards the defendant Clemente and the judgment as to him is set aside and a new trial ordered.

In this opinion the other judges concurred.