On August 2, 1934, one Langer purchased a Dodge sedan by conditional bill of sale from Peter Monaco, doing business as Monaco Motor Sales. All the terms of the sale were contained in the conditional bill of sale including a provision that the three months note was to be renewed upon maturity. Monaco offered to sell the conditional bill of sale to the plaintiff who refused it because of the renewal provision. Thereafter Monaco attempted to prevail upon Langer to execute a new conditional bill of sale omitting the renewal provision. Monaco had purchased this Dodge from the Capitol Motor Car Company, Incorporated and in order to pay for it had to finance it with the plaintiff. The Capitol Motor Car Company, Incorporated, was therefore interested in obtaining a conditional bill of sale which could be financed. Accordingly, on August 23, 1934, the Capitol Motor Car Company, Incorporated, wrote to Langer agreeing that upon maturity of the note it would repurchase the conditional bill of sale from the plaintiff and then refinance it by the payment of $50.00 upon maturity of the note and $20.00 a month until the full amount of $464.50 was paid. On August 28, *Page 33 
1934, Langer executed a new conditional bill of sale which was, however, dated August 2, 1934 setting forth the same terms contained in the original instrument but omitting the renewal provision. This instrument as admitted in evidence and marked Plaintiff's Exhibit A. Although it was executed and acknowledged on August 28, 1934, it stated that it was executed and acknowledged on August 2, 1934. Just prior to November 2, 1934, the date upon which the note matured, the defendant, a constable in the town of Middletown, attached the automobile as the property of Langer. The plaintiff now seeks to replevy the automobile claiming ownership thereof by virtue of its conditional bill of sale executed on August 28, 1934.
The defendant claims the right to attach this automobile because Exhibit A does not set forth all of the conditions of the transaction and therefore makes it an absolute sale, and further that on August 28, 1934, Langer could not have executed a valid conditional bill of sale without a change in possession of the automobile.
As to the first claim, the Court is of the opinion that insofar as this plaintiff is concerned the collateral agreement between Langer and The Capitol Motor Car Company, Incorporated, did not bind nor affect it. It is found, therefore, that the conditional bill of sale did set forth all of the conditions of the sale, at least up to the maturity of the note. The plaintiff did not agree to a renewal or extension and would have been entitled to full payment upon maturity of the note. Langer could then have looked to The Capitol Motor Car Company, Incorporated, for the help promised in its letter of August 23, 1934, and what effect that would have had on the validity of the conditional bill of sale need not be passed upon at this time because an intervening attachment made it unnecessary for Langer to enforce the agreements contained in that letter.
There remains, therefore, but one question to be passed upon. What was the legal effect of Exhibit A without a change in possession? Our Courts have held that in order to validate conditional sales of personalty as against attaching creditors there must be a change of possession. Adler vs.Ammerman Furniture Co., 100 Conn. 223; Cappaletti vs.Tierney, 101 Conn. 563; Terzano vs. Clemente, 117 Conn. 269.
In the instant case, Langer executed a valid conditional *Page 34 
bill of sale on August 2, 1934, which was accompanied by a change of possession. Had it been recorded it would have been good as against attaching creditors. Subsequently, however, and without being recorded, the parties agreed to a cancellation of this instrument and to the substitution of the new one. The moment the cancellation was agreed upon the sale became absolute as to attaching creditors because actually there was no valid conditional bill of sale in existence, There had been no surrender by Langer nor had the conditional vendor resumed possession of or control over the automobile. Langer therefore owned it absolutely, though on open credit. The cancellation of the August 2nd instrument left nothing in existence to satisfy the statutory requirements of Sections4697 and 4699, General Statutes, 1930, not even the recording requirement of Section 4697. To comply with the plaintiff's request, the Court would be required to find that the original conditional sale was good up to August 28th and that on that date a new one was substituted for the original. In view of the rulings of our Supreme Court that the statutes pertaining to conditional sales should be strictly construed against the conditional vendor, the Court does not feel that an instrument can on the one hand be cancelled and at the same time can be held in full force and effect simply because a new one is substituted for it without complying with the requirements of the sections of our statutes above quoted.
It must follow therefore that on August 28, 1934, the parties could not enter into a conditional bill of sale that would bind attaching creditors. Any instrument executed that day to secure the payment of the balance of the purchase price must be regarded as a chattel mortgage, regardless of the form or language used by the parties.
"A chattel mortgage is a conditional sale of personal property to secure a debt or obligation of the mortgagor . . . . Whether or not the parties intended a particular transfer of property to be a mortgage is to be determined by the character and language of the instrument intentionally executed by them and by the surrounding facts, rather than by the belief of the parties as to the effect of their acts." Williamsvs. Chadwick, 74 Conn. 252 at Page 255; Adler vs. AmmermanFurniture Co., 100 Conn. 223 at Page 228.
There is no conflict in the evidence that Langer retained possession of the automobile after August 2nd and that at no *Page 35 
time subsequent to that date did he surrender possession thereof until it was attached on or about November 2, 1934. He could not, therefore, execute a chattel mortgage without a further change in possession.
"The retention of possession by a mortgagor of personal property makes the mortgage invalid as against attaching creditors and bona fide purchasers unless the property mortgaged be included in the list of personal property set out inSection 5092, General Statutes, 1930. An automobile does not fall within these exceptions." Adler vs. Ammerman FurnitureCo., supra, at Page 228. Bickart vs. Sanditz, 105 Conn. 766at Page 771. Nor will the recording of such an instrument defeat the rights of attaching creditors. Adler vs. AmmermanFurniture Co.; Bickart vs. Sanditz.
It is natural that in a case of this type the sympathy of the Court should be with the plaintiff. In view of the statutory requirements, however, as interpreted by our Supreme Court, a person dealing in conditional sales should make certain before purchasing one that all the requirements have been met. If Langer had surrendered the automobile before the new conditional sale was executed or if Monaco had retaken possession thereof there would be no question about the plaintiff's right to recovery. Under the circumstances, however, the Court has no alternative but to hold that the cancellation of the first instrument left Langer with the unconditional ownership of the automobile and that he could not on August 28, 1934, without a change of possession execute a conditional bill of sale that would hold as against attaching creditors.
The Court has carefully studied the cases relied on by the plaintiff but believes that an analysis of the factors and opinions therein contained will indicate important distinguishing factors. In American Clay Machinery Co. vs. New EnglandBrick Co., 87 Conn. 369, the issue was between a conditional vendor who had reacquired possession of the property before an attaching creditor acquired any rights therein. Since a conditional bill of sale, though defective, is good as between the parties, a vendor reacquiring possession before an attachment regains complete title in the property which cannot thereafter be attached as the property of the conditional vendee. "A person to contest a vendor's title to the property must claim some beneficial interest in it before thevendor resumed possession of the property". There is no *Page 36 
claim in the instant case that the plaintiff resumed possession of the automobile at any time between August 2, 1934 and the time of the attachment.
The case of Jester vs. Naples, 94 Conn. 567, is also clearly distinguishable. In that case the attaching creditor having released his attachment no longer had any rights in the property. And since the conditional sale was good as between the parties and the property returned to the possession of the conditional vendor he had the right to deal with the property as he saw fit. His conditional resale therefore to the original vendee was valid because it was accompanied by a redelivery of possession. Had the plaintiff in the instant case reacquired the automobile after preliminary negotiations had failed and had he then redelivered it to Langer on August 28, the situation would then have been similar to that in the Jester case. The remaining cases cited in the plaintiff's brief are apparently intended to show the philosophy of our Supreme Court's decisions in relation to conditional bills of sale. If anything, the underlying philosophy of these cases runs contra to the plaintiff's contention. Our Courts have been solicitous for the rights of bona fide purchasers and creditors as indicated by the exactitude with which Sections 4697 and4699 have been interpreted, as well as the unalterable requirement of a change of possession of the personal property involved.
 The issues are found and judgment of possession may be entered for the defendant.