I disagree with the conclusion that the requirement of an assignment of the plaintiff's interest in her mother's estate deprived her of due process. The availability of the fair hearing procedure under 17-2a, a procedure utilized by the plaintiff in this case, satisfies any due process requirement. State v. Griffiths, 152 Conn. 48, 56-57. The opportunity *Page 590 
afforded the defendant to contest the regulation involved as demonstrated by the record in this case adequately protects her constitutional rights.
Neither can I agree with the implication of the opinion that the regulation issued by the commissioner was in excess of his authority under 17-2 (a). The regulation refers to the form but does not specify that revisions to indicate its purpose more clearly may not be made. This regulation seems to be merely an implementation of 17-83e and gives the state no greater right than it already had under the statute. The reference in Thibeault v. White, 168 Conn. 112, 118, to "circumventing the procedural formalities of the normal civil action for repayment of a debt" should not be understood as discountenancing a regulation that would make it unnecessary for the state to bring a civil action in every case of this kind. The fact that a special statute has been deemed necessary to effectuate an assignment of a cause of action as provided in 17-83f does not indicate a contrary legislative intention in view of the nonassignability at common law of many kinds of civil actions, such as personal injury cases. Berlinski v. Ovellette,164 Conn. 482, 485.
The state would not have any greater security than that to which it was entitled simply because the subject of the assignment requested was an undetermined interest of the plaintiff in her mother's estate which might exceed the claim for reimbursement, as the trial court concluded. The same result would follow from an assignment of a cause of action under 17-83f which the majority opinion sanctions. Despite the references to the "potential" or "undetermined" interest of the plaintiff, it is apparent from the record that her interest in the estate became fixed or vested at *Page 591 
the time her mother died and that the only aspect remaining to be determined was the value of her distributive share. If the state had proceeded by a normal civil action, as suggested by the opinion, undoubtedly it would have sought and obtained as a prejudgment remedy the garnishment of the administrator or executor of the estate. Until the value of the plaintiff's interest became determined, the garnishment would affect her entire interest in the estate.
A garnishment would have to specify the precise amount of the claim to be secured, however. The assignment form involved here did not contain any specification of the amount which it was intended to secure, but it did contain the recital that it was being given "in consideration of grants of public assistance paid to me by the State of Connecticut and for the purpose of repaying the same as is by law provided." It also provided that the assignment was being made in accordance with 17-83e. Even if the assignment were in the form of an absolute transfer, it would not have that effect if it were intended merely to secure an indebtedness. Guilford-Chester Water Co. v. Guilford, 107 Conn. 519, 529; Williams v. Chadwick, 74 Conn. 252, 255. When an instrument is given for the purpose of effectuating a statute, its language is to be interpreted in the light of the statute and with a view to effectuating the legislative intent manifested therein. International Harvester Co. v. L. G. DeFelice 
Son, Inc., 151 Conn. 325, 336-37; New Britain Lumber Co. v. American Surety Co., 113 Conn. 1, 5.
It was, nevertheless, a legitimate objection to the form which the plaintiff was requested to sign that it failed to reflect with proper clarity the real nature of the transaction and did not specify the amount of the debt which the assignment was *Page 592 
intended to secure. The record indicates that at least some part of the plaintiff's objection to signing the form was based on those grounds. Therefore, the defendant commissioner had no right to insist upon having the plaintiff sign the form without making revisions which would indicate without question that its purpose was merely to secure the amount of the debt which existed at that time. For this reason I concur in the result.