Cohen v. Schneider.

NATHAN COHEN *vs.* AUGUST L. SCHNEIDER ET AL.

Third Judicial District, Bridgeport, April Term, 1898. ANDREWS, C. J., TORRANCE, BALDWIN, HAMERSLEY and HALL, Js.

A plaintiff should not be nonsuited if there is any conflict of testimony as to the existence of the fact relied upon as the ground of nonsuit. In case of such conflict the credibility of the witnesses and the weight of the evidence are matters for the determination of the jury.

The Act of 1895 in relation to conditional sales of personal property (Public Acts of 1895, Chap. 212), has not changed the law of this State in respect to the retention of possession by the vendor of such property; goods so retained are still open to attachment by the vendor's creditors, although the sale was made and recorded as prescribed by the Act of 1895.

[Submitted on briefs April 19th—decided June 1st, 1898.]

ACTION of replevin brought to the Court of Common Pleas in New Haven County where the plaintiff in a trial to the jury before *Studley, J.*, was nonsuited, from which judgment he appealed for alleged error in the ruling of the court. *Error and nonsuit set aside.*

The complaint alleged that ever since the 9th day of July, 1897, the defendants August L. Schneider, doing business under the name of the Elm City Manufacturing Company, and Peter J. McNerney, had unlawfully detained from the plaintiff one soda water fountain, one ice cream machine, eleven ice cream cans and fourteen ice cream tubs, of the value of $150, the property of the plaintiff, and to the immediate possession of which the plaintiff on said day was and ever since has been entitled.

The answer was a general denial, and a special answer alleging, in substance, that on the 8th day of July, 1897, Michael Tovorovsky of New Haven was indebted to August L. Schneider, one of the defendants, in the sum of $79.95; that on said day the other defendant, McNerney, a constable of New Haven, under a writ which Schneider had caused to be issued against said Tovorovsky for the purpose of collecting said debt, attached said goods; that they were replevied by the plaintiff while so held under attachment; that said goods were the property of Tovorovsky at the time of the attachment, and not of the present plaintiff, Cohen; but that Cohen, conspiring and agreeing with his son-in-law Tovorovsky to defraud the said Schneider and prevent him from collecting his said debt, now claims to be the owner of said goods so attached.

The plaintiff's reply denied the allegations of the special answer, that Tovorovsky was indebted to Schneider; that the goods belonged to Tovorovsky at the time of the attachment, and that Cohen and Tovorovsky had entered into an agreement for the purpose of defrauding Schneider.

In presenting his case in chief, the following instruments, which were marked respectively plaintiff's Exhibits A and B were offered and received, with evidence that both said instruments were executed and delivered on the 24th of June, 1897, as parts of one transaction; and that Exhibit B was witnessed and duly acknowledged and recorded on the 25th of June, 1897.

Exhibit A was as follows: "In consideration of one dollar and other valuable consideration received to my full satisfaction of Nathan Cohen, of the town of New Haven, I hereby sell, transfer, assign, and give over unto said Nathan Cohen the following articles of personal property, to wit: 1 safe, 1 soda water fountain, 1 ice cream making machine, with 27 cans with tubs, 1 hose, 1 candy stove, 1 drop machine, 1 roller, 1 marble slab, 1 copper boiler, 1 warmer, 4 knives, 1 horse and harness, and 1 cocoanut scraper, to have and to hold the same to his own use forever and to the use of his heirs and assigns. And I hereby guarantee that I

have good right to sell the same as aforesaid, and that I will defend the above to him against all persons whatsoever. In witness whereof I have hereunto set my hand and seal, this 24th day of June, 1897, New Haven, Connecticut. In presence of Isadore A. Stein. Michael Tovorovsky. (L. S.)"

Plaintiff's Exhibit B reads as follows : " This agreement entered into this twenty-fourth day of June, 1897, between Nathan Cohen and Michael Tovorovsky, both of the town of New Haven, witnesseth,that said Cohen hereby leases to said Tovorovsky the following articles of personal property, to wit: 1 safe, 1 soda water fountain, 1 ice cream making machine, with 27 cans with tubs, 1 hose, 1 candy stove, 1 drop machine, 1 roller, 1 marble slab, 1 copper boiler, 1 warmer, 4 knives, 1 horse and harness, and 1 cocoanut scraper, for the term of three months and six days, or until October 1st, 1897, for the rental price of one hundred and fifty dollars, payable on the first day of October, 1897. In consideration of the above said Tovorovsky agrees to take proper care of said above described property, and to do all the repairing that may be necessary to do to keep the same in good order.

" It is hereby agreed between the contracting parties that if said Tovorovsky shall pay to said Cohen the sum of one hundred and fifty dollars as aforesaid, to wit, on October 1st, 1897, then the above described property shall remain the property of said Tovorovsky, and said Cohen shall give him a bill of sale for the same. In witness whereof we have hereunto set our hands and seals the date above written.

" Isadore Stein,     Nathan Cohen,     [L. s.]
" Louis Coleman.     M. Tovorovsky.     [L. s.]"

" County of New Haven, ss.   New Haven, June 24th, 1897.

" Personally appeared Nathan Cohen and Michael Tovorovsky, signers and sealers of the above, and acknowledged the above to be their free act and deed, before me,

" Isadore A. Stein, Justice of the Peace."

The only witnesses called for the plaintiff, were the plaintiff Nathan Cohen, and his son-in-law, the said Michael Tovorovsky. These witnesses testified that the consideration

of the sale to the plaintiff was a previous indebtedness of Tovorovsky to Cohen of $25, and $100 in cash paid by Cohen to Tovorovsky on the day of the transaction ; that the goods were in the cellar of the building where Tovorovsky carried on the ice cream and soda water business, that the plaintiff there examined them, and that after the execution of Exhibits A and B they were permitted to remain in the possession of Tovorovsky as before. Both witnesses testified that subsequently, and before the commencement of the present suit, Tovorovsky, being unable to carry on the business, delivered up the goods to Cohen, the plaintiff ; that the goods were then in the cellar ; that Tovorovsky took the key of the cellar to the plaintiff, and told him in effect that he surrendered the goods to the plaintiff, and that the plaintiff thereupon locked up the goods in the cellar and kept the key in his possession.

The plaintiff testified that the attachment in the suit of Schneider against Tovorovsky was made before the surrendering of the goods to him, and while Tovorovsky was in possession of the goods, under the contract of conditional sale. Tovorovsky testified that he surrendered the goods to the plaintiff the day before the attachment by Schneider. Tovorovsky also testified that within a few weeks after the goods were replevied from the officer, McNerney, the plaintiff Cohen went into the ice cream business, and that he, Tovorovsky, was employed by him.

The plaintiff having offered this evidence, the court, upon defendants' motion, granted a nonsuit, and denied plaintiff's written motion, duly filed under the statute, to set aside the nonsuit.

The errors specified in the plaintiff's appeal are the granting of the nonsuit by the court, and the refusal of the court to set aside the nonsuit.

*Richard H. Tyner*, for the appellant (plaintiff).

*Benjamin Slade*, for the appellees (defendants).

HALL, J. It does not appear from the record upon what

ground the defendants' motion for a nonsuit was granted. From the briefs of counsel we assume that the ground of the motion for a nonsuit was that the plaintiff had not made out a *prima facie* case, since it appeared from the evidence that the goods in question, which prior to the execution of the bill of sale (Exhibit A) had been in the possession of Tovorovsky as his own property, were suffered to remain in his possession after the execution of the contracts A and B, and that Tovorovsky did not give the key to the plaintiff and surrender the goods to him, until after the attachment had been made by the defendants.

A careful examination of the evidence reported to us shows that the plaintiff should not have been nonsuited upon that ground. The evidence contained in the record does not clearly show when, with reference to the attachment, the property was so surrendered to the plaintiff by Tovorovsky. It is true that the plaintiff himself testifies that it was after the attachment, but Tovorovsky swears that it was before the attachment. It was for the jury to decide under these circumstances what the fact was. Counsel for the plaintiff should have been permitted to claim to the jury that the plaintiff was mistaken upon that point and that the testimony of Tovorovsky should be believed.

If the nonsuit was not granted upon the ground we have suggested, but because the court was of the opinion that the evidence showed that the transactions between the plaintiff and Tovorovsky were in fact fraudulent, it should be set aside. Though the court may have had sufficient reason to be satisfied that the testimony of the plaintiff and Tovorovsky was false or wholly unreliable, and that they were engaged in a scheme to defraud the creditors of Tovorovsky and to prevent the defendant Schneider from collecting his just claim, the case should nevertheless have been submitted to the jury. It was the province of the jury and not of the court to weigh the testimony of witnesses, and to pass upon the question whether the transaction between the plaintiff and Tovorovsky was in fact honest or fraudulent. General Statutes, § 1101; *Cook* v. *Morris*, 66 Conn. 196.

It is suggested that since the contract of conditional sale (Exhibit B) conformed to the requirements of the Act of 1895 concerning conditional sales (Public Acts of 1895, Chap. 212) and was duly recorded, the plaintiff, under that contract, had a good title against the attaching creditors of Tovorovsky, although the plaintiff did not receive the key and possession of the goods before the attachment.

This claim cannot be upheld. The purpose of the Act of 1895 was not to enable vendors to make conditional sales which they could not have made before the passage of the Act, but to protect creditors and purchasers from the evils which had before resulted from the existence of lawful and valid conditional sales, but of which the public had no notice. *In re Wilcox and Howe Co., ante,* p. 220. Conditional sales made in good faith, and which provided that the title to property should remain in the vendor until payment and that possession should go with the sale, were good against creditors of the vendee before the Act of 1895; but the reasoning of our courts, in sustaining such conditional sales, has been that the vendee in such contracts did not come into the possession of goods which he had owned before, and that in that respect they differed from the cases in which property owned by the possessor had been sold by him and possession retained by the vendor. *Lewis v. McCabe,* 49 Conn. 141. The effect of the Act of 1895 was to render conditional sales which should thereafter be made and which should not be made, acknowledged and recorded in conformity with the provisions of the Act, absolute sales as to creditors and *bona fide* purchasers of the vendee.

From the evidence in the case at bar it appears that Tovorovsky was the owner and possessor of the property in question, up to the day of the execution of the contracts A and B. On the 24th of June he executed a bill of sale of the goods to the plaintiff, and the latter, on the same day and as a part of the same transaction, executed the contract of conditional sale (Exhibit B) of the same goods to Tovorovsky, Tovorovsky at all times retaining possession until the time of the alleged surrender of the property to the plaintiff

in July. To construe the Act of 1895 as rendering a con-tract of conditional sale made under these circumstances, valid as against creditors of the vendee who had attached before any delivery of the goods to the plaintiff, would be to cause greater evils to creditors and purchasers than those against which the Act was designed to furnish protection.

Had the evidence in this case clearly shown that there was no delivery of the goods in question to the plaintiff before the attachment in the suit of Schneider, that would have been a sufficient ground for granting a nonsuit.

As the record shows that both the plaintiff and Tovorov-sky testified that the latter, before the present action was commenced, surrendered any interest he may have had in this property to the plaintiff, the nonsuit could not have been properly granted, as suggested in the brief of defendants' counsel, upon the ground that Tovorovsky and not Cohen should have been made the party plaintiff.

There was error, the nonsuit is set aside and the case is to stand for trial.

In this opinion the other judges concurred.