FLORENCE J. SLOCUM *et al. vs.* SPENCER H. OVER.

MAY 27, 1949.

PRESENT: Flynn, C. J., Capotosto, Baker, Condon and O'Connell, JJ.

Exception overruled and case remitted for entry of judgment on the verdict.

O'CONNELL, J. This action of trespass and ejectment is before us on defendant's exception to the decision of the trial justice denying a motion for a new trial after a jury in the superior court had rendered a verdict for the plaintiffs for possession and costs.

The only plea filed by the defendant was the general issue and at the trial no question was raised as to the sufficiency of the notice to quit. However, the defendant did contest the plaintiffs' statement therein that the landlords sought in good faith to recover possession of the premises for their own immediate use and occupancy as required by area rent regulations of the federal government relating to the eviction of tenants. In his charge to the jury the trial justice stated that the notice to quit complied fully with the requirements of state and federal law but that it was incumbent upon the plaintiffs to prove by a fair preponderance of the evidence that they were seeking in good faith to recover the premises in question for their own immediate and personal use and occupation as housing accommodations. No exception was taken to the charge. Defendant concedes that such issue was the only one involved but contends that the trial justice committed reversible error when he sustained the verdict of the jury and denied defendant's motion for a new trial.

The premises, possession of which is sought, consist of

a house of about thirteen rooms located at 155 Brown street in the city of Providence, which is occupied by the defendant and his wife only. The plaintiffs own a house of eight or nine rooms located at 234 Brown street and they occupy the second floor thereof with their daughter. As bearing on the question of good faith, evidence was presented to show that plaintiff Florence J. Slocum was under the care of a physician for a heart condition and that he had advised her to refrain from walking up and down stairs as much as possible; that plaintiffs had completely renovated their own house at a cost of $1200 to $1400; and that they had offered to let the defendant move to this house at the same rental but that this offer was never accepted. Plaintiff Irving F. Slocum testified that he owned an automobile but had no garage, whereas there were two garages on the premises occupied by the defendant, who he believed did not own an automobile. No claim was made by the defendant that he owned one.

The trial justice fully instructed the jury as to the necessity of good faith on the part of the plaintiffs. A part of his charge on this question reads as follows: "For the purpose of this case these landlords, Mr. and Mrs. Slocum, cannot evict this tenant unless they, Mr. and Mrs. Slocum, honestly and sincerely want these premises for their own immediate and personal use and occupancy as housing accommodations. If they want to secure possession of these premises to rent them to some other person, for instance, or to rent any portion of them to some other person, for instance, or to use them for any other purpose than as housing accommodations for themselves and their family, they cannot recover * * *." The requirement of good faith was further amplified in other portions of his charge.

In his decision on defendant's motion for a new trial, the trial justice stated that he could not say the evidence preponderated in favor of the defendant and in his opinion the verdict was in accordance with the evidence and the law and effected substantial justice between the parties.

There is nothing in the decision of the trial justice to indicate that he either overlooked or misconceived any material evidence, and we cannot say that such decision was clearly wrong. In these circumstances we cannot disturb it.

The defendant's exception is overruled, and the case is remitted to the superior court for entry of judgment on the verdict.

*Leonard A. Kamaras,* for plaintiffs.

*Greenough, Lyman & Cross, Alfred B. Stapleton,* for defendant.