### JOHN B. BARKER v. PAUL C. SHARP AND OTHERS.[1]

June 24, 1949.

No. 34,963.

*E. Luther Melin* and *John B. Barker,* for appellant.
*Louis Maier,* for respondents.

FRANK T. GALLAGHER, JUSTICE.

Appeal from a judgment of the municipal court of the city of Minneapolis finding defendants Sledz not guilty in an action in unlawful detainer.

In September 1946, plaintiff, sole owner of the premises in question, leased them to defendants Paul C. Sharp and Rachel A. Sharp, his wife, for a period of two years. On October 16, 1947, these defendants sublet the premises to defendant William Sledz and his wife for the balance of the term. Defendants Sharp vacated the premises at the time they sublet to defendants Sledz, and the latter have since occupied them. Plaintiff did not give written consent to the sublease, but he did accept all rents due subsequent to October 1947 directly from defendants Sledz, including rent for two months after the term of the original lease had expired. In September 1948, upon notice to defendants Sharp, plaintiff commenced an unlawful

---

[1]Reported in 38 N. W. (2d) 221.

detainer action against all the defendants. The court ruled in that case that notice to defendants Sharp was not notice to defendants Sledz, and dismissed the action.

Plaintiff then served the formal notice prescribed by federal and state law upon defendants Sledz and started this action. In his complaint, plaintiff alleges that defendants Sledz occupy the premises solely as agents and/or custodians for defendants Sharp and unlawfully detain possession from plaintiff. At the conclusion of the testimony, the court granted the motion of defendants Sharp for dismissal as to them on the ground that defendants Sledz were now plaintiff's tenants under the existing law; therefore, that the proof failed to sustain the allegations of unlawful detainer as to defendants Sharp. The case against defendants Sledz was taken under advisement, and on February 8, 1949, judgment was entered finding that the facts alleged in the complaint were not sustained by the evidence and that defendants Sledz were not guilty. From this judgment plaintiff appeals.

Plaintiff's brief contains numerous assignments of error. However, the only question which this court finds presented properly to it is the question of the sufficiency of the evidence to sustain the trial court's decision that defendants Sledz are not guilty of unlawful detention of the premises.

On appeal from a decision of a trier of fact, the testimony must be considered in the light most favorable to the prevailing party. Lipinski v. Lipinski, 227 Minn. 511, 35 N. W. (2d) 708; Leitner v. Pacific Gamble Robinson Co. 223 Minn. 260, 26 N. W. (2d) 228. The findings of a court without a jury are entitled to the same weight as the verdict of a jury and will not be reversed on appeal unless they are manifestly and palpably contrary to the evidence. This rule applies whether the appeal is from a judgment or from an order granting or denying a new trial. Lipinski v. Lipinski, *supra.*

In the instant case, the premises are covered by the Housing and Rent Act of 1947, 61 Stat. 193, 50 USCA Appendix, § 1881, *et seq.* The testimony established that plaintiff used the premises as his homestead and that the lease to defendants Sharp reserved him a

room therein, which he now occupies. Plaintiff testified that he desired possession of the premises for his own occupancy. However, he later testified that he wanted to occupy the first floor and rent the upper floors to a Mr. Kane. To conform to the pertinent provision of the Housing and Rent Act, plaintiff must show that he seeks in "good faith" to recover possession for his immediate and personal use and occupancy as a housing accommodation. 50 USCA Appendix, § 1899(a)(2). The question of good faith is one of fact to be determined by the trial court. There is evidence here to show that plaintiff was not acting in good faith.

Plaintiff also testified that he wanted possession of the premises for the purposes of repair and alterations, but, although his testimony shows that he consulted two contractors in this regard, he has not obtained a permit from the city to make any repairs or alterations, and there is no evidence that he has applied for such permit. Under the Housing and Rent Act, obtaining the approval required by federal, state, or local law for alterations or improvements is a necessary prerequisite to obtaining an eviction order on that ground. 50 USCA Appendix, § 1899(a)(4).

To sustain his burden of proving an unlawful detention, plaintiff must first show that he has complied with the federal statute concerning actions or proceedings to recover possession of controlled housing accommodations. The evidence is sufficient to show that plaintiff has not done this.

Affirmed.