## McMAHON v. WEINER et al.
### No. 822.

Municipal Court of Appeals for the
District of Columbia.

Argued June 20, 1949.

Decided June 30, 1949.

See also 67 A.2d 525.

James T. Barbour, Jr., Washington, D. C. (Joseph M. Dawson, Washington, D. C., on the brief), for appellant.

S. Gilbert Silverman, Washington, D. C. (Morris Neidorf, Washington, D. C., on the brief), for appellees.

Before CAYTON, Chief Judge, and HOOD and CLAGETT, Associate Judges.

CAYTON, Chief Judge.

A tenant appeals from a judgment ordering him to yield possession of an apartment. The judgment had a twofold basis: (a) that the landlords had established that they required the apartment in good faith for their own use,[1] and (b) that tenant was in default in payment of rent.

Attacking the first ground, the tenant-appellant charges that the evidence does not support landlords' claim that they required the apartment in good faith for their own use. The evidence in that connection was that the landlords, Mr. and Mrs. Weiner, were living in a six room house together with two daughters and a son-in-law; that their single daughter wanted to get married; that she and her husband-to-be could not afford an apartment or home of their own; that Mr. and Mrs. Weiner proposed to turn the house over to their two daughters, and they, the plaintiffs, would live in the apartment in suit, then occupied by defendant.

[1] Code 1940, Supp. VI, § 45—1605.

This evidence was uncontradicted by defendant. But defendant did offer testimony to show that Mrs. Weiner, one of plaintiffs, had told him at the time he rented the apartment "that he could stay there indefinitely"; that he was not informed that landlords had pending before the Rent Administrator a petition for adjustment of rent; that on one occasion Mrs. Weiner asked him for a key to the apartment and when he refused she told him to move. He also testified that he had inquired at the Office of the Rent Administrator and learned that the maximum rent ceiling was $50 per month instead of the $95 rental he had paid the landlords; that he then called Mrs. Weiner to talk with her about adjusting the rent; that she reproached him for "going behind her back" and told him she wanted him to move; that a few days later he was served with a notice to quit·

■ We must hold that these circumstances did not require the trial judge to rule as a matter of law that plaintiffs' claim for possession was made in bad faith. We need hardly repeat that the issue of good faith is usually one of fact.[2] And as we have previously held, ill will on the part of a landlord toward a tenant, while proper to be considered as bearing on the landlord's good faith, does not necessarily establish bad faith as a matter of law.[3] Thus on the showing before the trial judge he was justified in ruling that plaintiffs were acting in good faith in making their demand for possession.

■ Appellant says the trial judge was wrong in holding that tenant was in default in payment of rent. The judgment, in addition to awarding possession to the landlords on the ground of personal use, also held that the tenant was in default of rent to the extent of $100 for two months, and awarded plaintiffs that amount. In the same judgment the court awarded the tenant on his counterclaim the sum of $270, plus attorney's fee of $40, representing double the amount of rent overcharges which had been exacted by the landlords. As we understand it the tenant contends that because his judgment was larger in amount than the sum he owed for rent there should have been no money judgment against him. But this, it seems to us, is merely a matter of form.

If plaintiffs' suit for possession had been based solely on the ground of non-payment of rent the judgment could have been discharged by the payment of the rent adjudged to be due.[4] And of course plaintiffs' award would have been overcome by the larger judgment entered in tenant's favor against the plaintiffs. But here the basic judgment was predicated on landlords' claim for personal use, and such judgment cannot be discharged except by tenant's removal from the premises.

Consequently, aside from the possessory judgment, there remained two money judgments in the case: landlords' judgment for $100 for rent due and tenant's judgment against the landlords for $310 covering double overcharge and attorney's fee. Even if these judgments had been entered in different causes they could be set off against each other. Code 1940, § 16—1909. Hence there is no doubt that the same procedure could be followed in this case if the landlords attempted to enforce by execution their smaller money judgment. We think it plain that the defendant Francis X. McMahon has and is entitled to enforce a net judgment of $210 against the plaintiffs Adele Weiner and Meyer Weiner, representing the amount awarded him less the sum adjudged to be due by him for rent· To avoid possible confusion or complications we conclude that the judgment should be modified so as to expressly so provide.

Affirmed.

---

[2] Staves v. Johnson, D.C.Mun.App., 44 A.2d 870; Heindrich v. Dimas-Aruti, D.C.Mun.App., 42 A.2d 138. See also Dewey v. Clark, D.C.Mun.App.1949, 67 A.2d 291; Olessoff v. Osbourn, D.C.Mun. App., 47 A.2d 514; McSweeney v. Wilson, D.C.Mun.App., 48 A.2d 469.

[3] Colwell v. Stonebraker, D.C.Mun. App., 31 A.2d 866.

[4] Trans-Lux Radio City Corp., v. Service Parking Corp., D.C.Mun.App., 54 A.2d 144.