10 N.J. Super. 199 (1950)
76 A.2d 912
HERMAN A. HIRSCHBERG, PLAINTIFF-APPELLANT,
v.
DEWEY A. GLATTLY, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued October 16, 1950.
Decided November 22, 1950.
*201 Before Judges McGEEHAN, JAYNE and WM. J. BRENNAN, JR.
Mr. Hymen D. Goldberg argued the cause for plaintiff-appellant (Mr. Peter Cohn, attorney).
Mr. A. Leo Bohl argued the cause for defendant-respondent (Mr. Joseph J. De Luccia, on the brief).
The opinion of the court was delivered by McGEEHAN, S.J.A.D.
The plaintiff, a former tenant, sought to recover damages from the defendant in an action on deceit for an alleged wrongful dispossession. The complaint was dismissed by the Passaic County Court at the end of the plaintiff's case.
On or about July 1, 1948, the defendant purchased the property which contained four apartments, all of which were controlled housing accommodations. The plaintiff occupied a three and one-half room apartment therein from April, 1947, until shortly before January 2, 1949. On August 23, 1948, the defendant served plaintiff with a written demand for possession, demanding that the plaintiff vacate on October 1, 1948, and stating: "Possession of said premises is demanded in good faith for the purpose of immediate use thereof by myself pursuant to the rules and regulations of the Housing Expediter and or the O.P.A." The plaintiff continued in possession after October 1, 1948.
On November 17, 1948, the defendant instituted a dispossess proceeding in the Clifton District Court, and in his affidavit stated that "he seeks in good faith to recover the possession of the housing accommodations occupied by the said Herman Hirschberg for the immediate and personal use *202 and occupancy as housing accommodations for the said deponent." On the return day, November 30, 1948, both parties consented in open court to the entry of the following judgment: "Judgment in favor of the plaintiff and against the defendant for possession. Warrant of Removal to issue January 2, 1949." The defendant moved into the apartment on or about January 2, 1949, after the plaintiff had vacated.
A tenant has an action on deceit against his landlord for a wrongful dispossession if the tenant does not seek to attack the judgment of dispossession but merely the fraudulent means used by the landlord to obtain possession of the premises. Lyster v. Berberich, 3 N.J. Super. 78 (App. Div. 1949). To support such an action, the tenant must prove (1) that the landlord made some representation of a material fact to the tenant, meaning that the tenant should act upon it; (2) that such representation was false and that the defendant, when he made it, knew it to be false; and (3) that the tenant, believing such representation to be true, acted upon it and was thereby injured. Plimpton v. Friedberg, 110 N.J.L. 427, 428 (E. & A. 1933); Lyster v. Berberich, above.
The applicable provision of the Federal Housing and Rent Act of 1947 is section 209(a), as amended in 1948 (1948 Public Law 464, c. 161, § 204), which authorizes eviction of a tenant when "the landlord seeks in good faith to recover possession of such housing accommodations for his immediate and personal use and occupancy as housing accommodations, or for the immediate and personal use and occupancy as housing accommodations by a member or members of his immedate family * * *."
Accepting as true all evidence which supports the view of the plaintiff, and giving him the benefit of all legitimate inferences which might be drawn therefrom, as the court below was required to do in passing on the motion to dismiss (McKinney v. Public Service Interstate Transport. Co., 4 N.J. 229 (1950)), we conclude that the plaintiff failed to make out a prima facie case.
*203 There was testimony by the defendant that he intended throughout to use only one room of the three and one-half room apartment for his own personal use and occupancy and intended to rent the remaining rooms. When he took possession on or about January 2, 1949, he moved into the apartment with the only furniture he owned, namely, a bedroom set. For two and one-half months he was the sole occupant of the apartment, and thereafter he occupied one room and rented two and one-half rooms as a furnished apartment to a person not a member of his family.
The plaintiff argues that this testimony would support a finding that the defendant's representations, in his demand for possession and in his affidavit in the dispossess proceeding, were false and that the defendant knew that they were false when he made them. The plaintiff assumes that, under the language of the Housing and Rent Act, the defendant could evict the plaintiff only if he needed and intended to use the whole of the apartment solely for his own personal use and occupancy or that of a member or members of his immediate family. No authority for such construction is cited to us. We note that in Klein v. Fields, 32 A.2d 398 (Mun. Ct. of App. D.C. 1943), the court, in construing the District of Columbia Emergency Rent Act in a dispossess proceeding, found that the landlords "sought the possession of the property in good faith for their immediate use and occupancy as a dwelling," although the testimony was that the landlords desired to occupy the premises as a dwelling for themselves, their daughter and two grandchildren, and intended to rent out any unneeded rooms to others. Cf. H. Kauffman & Sons Saddlery Co. v. Miller, 72 N.Y.S.2d 911 (Sup. Ct. 1947); but see Barker v. Sharp, 38 N.W.2d 221 (Sup. Ct. Minn. 1949), also a dispossess proceeding.
The plaintiff further assumes that the defendant, in making his representations in a paraphrase of the language of the Housing and Rent Act, represented that he needed and intended to use the whole of the apartment solely for his own use and occupancy. In the absence of any controlling authority *204 for the construction of the Housing and Rent Act urged by the plaintiff, and in the absence of any evidence that the defendant's representations were not made in good faith, there is no support for this second assumption relied upon by the plaintiff.
We conclude that the evidence was insufficient to support a finding that the defendant made a false representation which he knew to be false when he made it.
At the trial the plaintiff offered in evidence certain excerpts from a deposition of the defendant. The court ruled that the plaintiff could not offer excerpts from the deposition without introducing the entire deposition. The court below erred in so ruling.
Rule 3:26-4 provides: "At the trial * * * any part or all of a deposition, so far as admissible under the rules of evidence, may be used in accordance with any one of the following provisions: * * * (b) The deposition of a party * * * may be used by an adverse party for any purpose. * * * (d) If only part of a deposition is offered in evidence by a party, an adverse party may require him to offer all of it which is relevant to the part offered, and any party may offer any other parts. * * *" Under this rule a party may offer a part of a deposition of an adverse party in evidence. However, opposing counsel may require him to offer, in addition to the excerpts chosen, all which is relevant to that part offered, but not necessarily the complete deposition. As stated by Pike and Willis, in discussing the corresponding federal rule:
"Rule 26 permits the editing of depositions in either case, but with the qualification that if A introduces part of a deposition, his opponent B may require A to introduce other relevant parts. Thus, B avoids the danger of making the deponent his own witness when his only object is to complete the picture given by A. (Presumably he also has the advantage of placing the whole picture before the court or jury at one time, rather than piecemeal.) On the other hand, B is free to use other parts of the deposition in support of his own case." ("The New Federal Deposition-Discovery Procedure," 38 Col. L. Rev. 1179 and 1436, November and December, 1938.)
*205 The court below also ruled that the plaintiff, by introducing part of the defendant's deposition, made the defendant a witness for the plaintiff and the plaintiff was bound by his testimony, and in so ruling the court erred. Rule 3:26-6 provides that "The introduction in evidence of the deposition or any part thereof for any purpose other than that of contradicting or impeaching the deponent makes the deponent the witness of the party introducing the deposition, but this shall not apply to the use by an adverse party of a deposition as described in paragraph (b) of Rule 3:26-4." The latter rule provides: "The deposition of a party * * * may be used by an adverse party for any purpose." In the Tentative Draft of the Rules, it was said that "where the examining party uses the deposition of the adverse party on the trial, he does not make the latter his witness. This * * * is an important provision, for the examining party would usually refrain from introducing into evidence his deponent's deposition unless he could impeach it."
While we find that the court below erred in the two rulings discussed, the errors did not injuriously affect the substantial rights of the plaintiff (Rules 1:2-20(b) and 4:2-6). In determining whether the plaintiff made out a prima facie case, we considered no part of the deposition received in evidence through the error of the court below, but only such parts thereof as were favorable to the plaintiff's claim.
The judgment is affirmed.