ROGER F. HATHAWAY *v*. HENRY BORNMANN

BROWN, C. J., JENNINGS, BALDWIN, INGLIS and O'SULLIVAN, Js.

Argued November 7—decided December 5, 1950

*David R. Lessler,* for the appellant (plaintiff).

*D. Harold Cotter,* with whom was *John J. Cotter,* for the appellee (defendant).

BALDWIN, J.   This is an action to recover damages for an alleged unlawful eviction.   The trial court rendered judgment for the defendant and the plaintiff has appealed.

The court's finding, which is not subject to material correction, presents the following facts: In 1946 the defendant resided with his wife in a partially completed garage in Monroe.   This structure was unsuitable for winter living and the defendant decided to move to Bridgeport.   Since it was difficult to find a rent, on June 6, 1946, he purchased a one-family, eight-room house, then occupied by the plaintiff and his family.   It was in a defense rental area and subject to the federal housing regulations.   After the defendant had purchased the premises he found that a mortgage of $5000, payable at the rate of $500 per year, which he had assumed as part of the purchase price was more than he could afford to pay, and he decided that he would have to sell the house.   He offered it to the plaintiff who refused.   The defendant then advertised it for sale but was unable to find a purchaser.

On August 8, 1946, the defendant requested the plaintiff to vacate because he desired the premises for his own use.   On August 14 the defendant filed a petition with the area rent office representing that he

was under an immediate compelling necessity to occupy the premises as his residence, and on October 17 the area rent office gave him permission to evict the plaintiff. As a result of a notice to quit and a writ of summary process, the plaintiff agreed to vacate the premises on or before May 10, 1947, or judgment and execution might issue. On May 7 the plaintiff moved into a one-family house which he had purchased in Bridgeport. On May 17 the defendant brought his furniture from Monroe to the premises vacated by the plaintiff. The house was badly in need of repairs. To pay for these the defendant decided to rent some of the rooms. Beginning in June, 1947, he and his wife lived in three rooms while they rented furnished rooms to others.

The federal housing regulations pertaining to the premises owned by the defendant and occupied by the plaintiff provided that no tenant could be removed by the landlord in any action to evict unless the landlord had "an immediate compelling necessity" to recover possession of the accommodations for use as a dwelling for himself. Rent Reg. for Housing, § 6(a) (6), 10 Fed. Reg. 11667, amending 10 Fed. Reg. 3441; § 6(d) (1), 11 Fed. Reg. 5825. The plaintiff's claim is predicated upon the proposition that the defendant's statements in his petition to the area rent office, in the notice to quit and in the writ of summary process were false and fraudulent and that the plaintiff was forced to vacate and to purchase another dwelling, to his loss and damage.

Fraud and misrepresentation cannot be easily defined because they can be accomplished in so many different ways. They present, however, issues of fact. *Cohen* v. *Schneider*, 70 Conn. 505, 509, 40 A. 455. Whether the defendant acted in good faith in representing that there was an immediate compelling neces-

sity for him to possess this dwelling for his own use was an issue of fact to be decided by the trial court. *Snyder* v. *Reshenk,* 131 Conn. 252, 259, 38 A. 2d 803; *Sviggum* v. *Phillips,* 217 Minn. 586, 588, 15 N. W. 2d 109; *Barker* v. *Sharp,* 229 Minn. 152, 154, 38 N. W. 2d 221; *Slocum* v. *Over,* 75 R. I. 353, 66 A. 2d 428; *Nofree* v. *Leonard,* 327 Ill. App. 143, 152, 63 N. E. 2d 653; *Mc-Mahon* v. *Weiner,* (D. C. Mun. App.) 67 A. 2d 682, 683. Its conclusions in favor of the defendant were reasonably and logically drawn and cannot be disturbed. The court did not hold the plaintiff to a higher or different degree of proof than is required in such cases. Fraud cannot be presumed but must be established by clear and satisfactory evidence. *Burley* v. *Davis,* 132 Conn. 631, 634, 46 A. 2d 417; *Basak* v. *Damutz,* 105 Conn. 378, 382, 135 A. 453; Smith, Frauds, § 264; 9 Wigmore, Evidence (3d Ed.) § 2498. The cases discussed by the plaintiff in his brief — *Lakowski* v. *Kustohs,* 328 Ill. App. 557, 561, 66 N. E. 2d 487; *Santoro* v. *Finkelstein,* 91 N. Y. S. 2d 621; *McCarthy* v. *Coster,* 94 N. Y. S. 2d 533, 534 — were actions brought by landlords to gain possession of rented property. The question involved in each case was whether the landlord actually had an immediate compelling necessity to use the property. It was not whether the landlord had been guilty of fraud in representing that he had such a necessity. They, therefore, have no relevancy to the present case.

The plaintiff claims that his complaint stated a cause of action for abuse of process as well as for fraud and deceit. It is not open to this interpretation. Nor did he make this claim in the trial court, as required by the rules. Practice Book § 157. The claim is without merit.

The trial court did not err in permitting defendant's counsel to question the defendant, who had been called

to the stand as a witness for the plaintiff, concerning his intention in purchasing the property. The direct examination was sufficiently broad to permit this question, and the trial court did not abuse its discretion in allowing it. *Fahey* v. *Clark,* 125 Conn. 44, 46, 3 A. 2d 313.

The plaintiff inquired of the defendant upon cross-examination whether he had registered his personal property and car for tax purposes in Monroe in October, 1947, and had stated in the registration that he lived in Monroe. The court sustained an objection to this testimony. The plaintiff has assigned this as error. The defendant did not deny that he continued to own the garage in Monroe and that he went there on weekends when the weather permitted. He may well have considered Monroe his legal residence. There was ample evidence from which the court could find, as it did, that he was actually living in the Bridgeport house. The question in issue in the case was not where the defendant resided in the fall of 1947 but rather what his bona fide intention as to residence had been from August, 1946, to May, 1947, while he was endeavoring to obtain possession of the Bridgeport property. Any evidence tending to prove his actual residence in October, 1947, was, therefore, so remote from the real issue in the case that it was well within the discretion of the trial court to exclude it.

There is no error.

In this opinion the other judges concurred.