**LAURIAT'S, INC., d/b/a Lauriat's Books**

v.

**RICH–TAUBMAN ASSOCIATES.**

**Civ. No. B–83–223 (PCD).**

United States District Court,
D. Connecticut.

March 27, 1984.

Bernard Green, Bridgeport, Conn., for plaintiff.

Robert M. Dombroff, Andrew W. Krevolin, Schatz & Schatz, Ribicoff & Kotkin, Hartford, Conn., for defendant.

## RULING ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

DORSEY, District Judge.

Plaintiff is a Massachusetts corporation which operates bookstores throughout New

England. Defendant is a Connecticut general partnership which owns Stamford Town Center, a shopping center in Stamford, Connecticut (the "Center").

Plaintiff alleges that defendant made certain representations which led to a lease of premises to plaintiff at the Center for a bookstore and that the representations were false. Specifically, the plaintiff alleges that the defendant represented:

(1) That the plaintiff would have the only specialty bookshop in the Center until the plaintiff could not adequately serve the Center's market for books.

(2) That given an exclusive market, the plaintiff's sales would justify the rent agreed upon.

(3) That the defendant would not negotiate another lease of space for a specialty bookstore.

The plaintiff alleges that it relied upon these representations when it agreed to the lease. The falsity is claimed to be evidenced by there now being at least three specialty bookshops in the Center. The plaintiff claims that it has suffered great financial loss as a result of this unanticipated competition.

Defendant denies such representations were made and asserts an affirmative defense based on the Statute of Frauds. The defendant now seeks summary judgment pursuant to Fed.R.Civ.P. 56(b) on the ground that the plaintiff's claim is barred by the Statute of Frauds. For the reasons set forth herein, the motion is denied.

Connecticut's Statute of Frauds, Conn. Gen.Stat. § 52–550(a), provides in pertinent part:

No civil action may be maintained in the following cases unless the agreement, or a memorandum of the agreement, is made in writing and signed by the party, or the agent of the party, to be charged: ... (4) upon any agreement for the sale of real property or any interest in or concerning real property; or (5) upon any agreement that is not to be performed within one year from the making thereof.

By written lease dated March 26, 1982, plaintiff rented space in the Center to sell "... hard and soft cover books and reading material, and the miscellaneous sale of such items as games, puzzles, globes, maps, calendars, albums, stationery and desk accessories, prints and graphics, but in no event shall tenant sell greeting cards." Lease, Section 7.01. The lease also provides that this

Lease and said Exhibits, and Rider(s), if any, ... sets forth all the covenants, promises, agreements, conditions and understandings between Landlord and Tenant concerning the leased premises, and there are no covenants, promises, agreements, conditions or understandings, either oral or written, between them other than as are herein set forth. No alteration, amendment, change or addition to this Lease shall be binding upon Landlord or Tenant unless reduced to writing and signed by each party.

Lease, Section 27.02, Entire Agreement.

Defendant claims that the lease does *not* contain an exclusivity provision as asserted by plaintiff and, therefore, the Statute of Frauds bars the plaintiff's suit on the basis that "under our Statute of Frauds, General Statutes § 52–550, oral agreements concerning interests in land are unenforceable." *Hieble v. Hieble*, 164 Conn. 56, 59, 316 A.2d 777 (1972). The defendant claims it is entitled to judgment.

The plaintiff claims that this is not an action based upon, or brought to enforce, the lease. Rather, it is an action for money damages based upon the defendant's misrepresentations which induced plaintiff to sign the lease. This type of action has been recognized in Connecticut. *Miller v. Appleby*, 183 Conn. 51, 55–57, 438 A.2d 811 (1981). There it was held that ample evidence supported the conclusions that defendants had fraudulently misrepresented that the septic system on the property being purchased was sufficient to accomodate the two family residence located thereon. "The essential elements of an action in fraud ... are: (1) that a false representation was made as a statement of fact; (2)

that it was untrue and known to be untrue by the party making it; (3) that it was made to induce the other party to act on it; and (4) that the latter did so act on it to his injury." *Id.* at 54–55, 438 A.2d 811 (citations omitted). *E.g., Wedig v. Brinster*, 1 Conn.App. 123, 132, 469 A.2d 783 (1983).

In *Miller* and *Wedig* misrepresentations were made which allegedly induced individuals to purchase homes. No distinction can be drawn between that type of misrepresentation and the type which plaintiff alleges induced it to enter the lease in question. " 'Fraud and misrepresentation cannot be easily defined because they can be accomplished in so many ways. They present, however, issues of fact.' *Hathaway v. Bornmann*, 137 Conn. 322, 324, 77 A.2d 91 (1950)." *Miller*, 183 Conn. at 55, 438 A.2d 811.

The requirements for granting summary judgment are well established. There must be 'no genuine issue as to any material fact,' and a party must be 'entitled to a judgment as a matter of law.' Fed.R.Civ.P. 56(c). 'The burden is on the moving party "to demonstrate the absence of any material factual issue genuinely in dispute." *Heyman v. Commerce & Industry Insurance Co.*, 524 F.2d 1317, 1319–20 (2d Cir.1975).' *American International Group., Inc. v. London American International Corp.*, 664 F.2d 348 (2d Cir.1981). Not only must there be no genuine issue as to the evidentiary facts, but there must also be no controversy as to the inferences to be drawn from them. E.g., *Phoenix Savings & Loan, Inc. v. Aetna Casualty & Surety Co.*, 381 F.2d 245, 249 (4th Cir. 1967). In determining whether or not there is a genuine factual issue, the court should resolve all ambiguities and draw all reasonable inferences against the moving party. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 [82 S.Ct. 993, 994, 8 L.Ed.2d 176] (1962) (per curiam); *Quinn v. Syracuse Model Neighborhood Corp.*, 613 F.2d 438, 445 (2d Cir.1980). *Schwabenbauer v. Board of Educ.*, 667 F.2d 305, 313 (2d Cir.1981).

In this case, there is a genuine issue as to whether the defendant misrepresented to the plaintiff that it would have the exclusive specialty bookshop lease in the Center. This is not a claim based on the terms of the lease, nor any agreement related to an interest in land. The claim asserts wrongful conduct, i.e. misrepresentation. This claim is not controlled by the Statute of Frauds. The defendant's motion for summary judgment is denied.

SO ORDERED.