[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiffs are the owners of residential real estate at No. 209 South End Road, Southington, which they acquired by conveyance in February, 1989. The defendants are the Executor of the Estate of his mother, the prior owner, and the real estate agent who, acting for the owner, showed the property to the plaintiffs and obtained their written agreement to purchase, which agreement was subsequently consummated.
The plaintiffs seek money damages by virtue of expenses incurred in repairing and replacing the septic sewage system which served the property at the time of conveyance. They allege that the defendants misrepresented and deceived them regarding adequacy of the system in order to influence purchase of the property without prior testing and inspection.
It is not disputed that the plaintiffs, not long after acquisition of title, encountered serious problems with the system, including back-ups and overflows, which necessitated monetary expenditures to correct the defects. In the absence of prior testing or inspection, the problems were entirely unanticipated.
"Fraud and misrepresentation cannot be easily defined because they can be accomplished in so many different ways." Hathaway v. Bornmann, 137 Conn. 322, 324 (1950). Issues of fact are always presented in the context of a standard of proof requiring clear and satisfactory evidence. Alaimo v. Roger, 188 Conn. 36, 39
(1982).
The court is not persuaded that the plaintiffs have sustained their burden. That the septic system was defective at the time of conveyance is entirely possible. The court, however, is not permitted to indulge in speculation to reach such conclusion, and there is no expert testimony which would otherwise afford support.
Even if existence of a defective condition is accepted, the plaintiffs have failed to show any significant scienter or special means of knowledge on the part of the defendant-realtor or the non-resident defendant-grantor, let alone any actionable misrepresentation or concealment of the fact. Cf. Miller v. Appleby, 183 Conn. 51, 53-54 (1981).
Judgment may enter in favor of the defendants.
GAFFNEY, J. CT Page 1430