[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANTS' MOTION TO STRIKE
CT Page 10109
Plaintiffs filed a revised five-count complaint on December 30, 1990 alleging various contractual tort and statutory claims related to the repair and construction work of their house located at 12 Crescent Avenue, Oakland Gardens Farmington, which had suffered extensive damage as the result of a fire.
The third count of the revised complaint alleges that as a result of plaintiffs' reasonable reliance on representations made to them by defendant, Biller, and its employees and agents, they were induced to sign a "public adjuster employment contract" with defendant Biller, a licensed public insurance adjuster, and a repair/construction contract with defendant Smalley. Plaintiffs also claim in the third count that, as a result of their reliance on defendant Biller's representations, plaintiffs paid to defendant Biller excessive consideration for services not rendered or improperly rendered relating to the repair and reconstruction of the house and also made excessive payment for work and materials not rendered or improperly supplied and installed by defendant Smalley relating to the repair and reconstruction of the house.
The fourth count, as to Biller, alleges that Biller separately and/or jointly with Smalley, engaged in unfair trade practices in violation of Connecticut General Statutes 42-110b, specifically as to: (a) deliberate and deceptive statements as to the work to be done and actually done and the quality of such work and materials, (b) the concealment of defects and faulty workmanship relating to the structural and carpentry aspects of the repair work, and (c) Biller's deceptive and unfair course of dealing with plaintiffs.
On May 19, 1992, Biller filed a motion to strike the third count on grounds of legal insufficiency due to its failure to state a cause of action upon which relief may be granted. Biller also moved to strike paragraph 6 of the fourth count with respect to any reference to defendant Biller.
 I.
Biller argues that the third count of plaintiffs' revised complaint should be stricken because the contract between plaintiff Roselea West and Biller does not contemplate the repair or reconstruction of the plaintiffs' house, though that CT Page 10110 was the subject of the contract between Roselea West and Smalley. Plaintiffs claim that the actual repair or reconstruction of the house is not material to the third count, arguing that the third count does not sound in contract, but rather is an action in misrepresentation which alleges that "Biller and or its employees or agent intentionally or negligently misrepresented the capacity and the intent contained within its contract with the plaintiffs and that plaintiff relied on these false representations to her detriment."
In Connecticut, the tort of intentional (fraudulent) misrepresentation consists of the following elements:
 `that a false representation was made as a statement of fact; that it was untrue and was known to be untrue by the party making it; that it was made to induce the other party to act on it; and that he did so to his injury.' Paiva v. Vanech Hieghts Construction Co., 159 Conn. 512, 515, 271 A.2d 69 (1970).
Web Press Services Corporation v. New London Motors, Inc.,203 Conn. 342, 362, 525 A.2d 57 (1987). Our courts do not favor "a formalistic highly technical view of pleading requirements." O'Brien v. Sayer, 183 Conn. 199, 210211, 439 A.2d 292 (1981). In addition, "[f]raud and misrepresentation cannot be easily defined because they can be accomplished in so many different ways." Hathaway v. Bornmann, 137 Conn. 322, 77 A.2d 91 (1950), quoting Cohen v. Schneider, 70 Conn. 505, 509, 40 A. 455 (1898).
We believe that the third count alleges all the essential elements of the fact of intentional misrepresentation. Thus plaintiffs allege that on at least two different occasions Biller made representations through its employee and authorized agent, Jeffrey Rubin, to the effect that Biller and Rubin would "take `all of the worry out' of repairing the fire damage to the house" and that Biller would supervise all construction activities on the dwelling house, would report regularly on the progress, and would oversee the job from start to finish. (paragraphs 4-5). In addition, plaintiffs allege that on another occasion, Jeffrey Rubin, along with Larry Biller, also of Biller Associates, made another representation to plaintiffs that Biller "would take care of everything" and "`not to worry.'" (paragraph 6). These allegations, if proven, could support an action in fraud, especially since it could be "[a] CT Page 10111 representation about a promise to do something in the future when linked with a present intention not to do it." Kavarco v. T.S.E., Inc., 2 Conn. App. 294, 300, 478 A.2d 257 (1984). Further, the statements alleged to have been made by Biller in the third count could be a statement "untrue and known to be untrue" because Biller, as a corporation engaged in the business of public insurance claims adjusting, should have had accurate knowledge of what it represented to be the case. In J. Frederick Scholes Agency v. Mitchell, 191 Conn. 353, 358
(1983), the court stated
 "Where a defendant has special means of knowledge, and a plaintiff can under the circumstances attribute to the former accurate knowledge of what is represented, the plaintiff need not show the actual knowledge of the falsity of the representation."
The third count goes on to allege that Roselea West was induced to sign the two contracts, one with Biller and the other with Smalley. Finally, paragraph 10 of the third count specifically alleges that Roselea West paid to both Biller and Smalley excessive consideration, thus causing the damages sought in the prayer for relief.
Moreover, count three appears to allege sufficient facts to sustain a cause of action for negligent misrepresentation, since the main difference between negligent misrepresentation and intentional misrepresentation is the level of intent required. See 3 Restatement (Second), Torts (1979) 552 (Negligent Misrepresentation). See D'Ulisse-Cupo v. Board of Directors of Notre Dame High School, 202 Conn. 206, 520 A.2d 217 (1987).
 II.
Biller argues that paragraph 6 of the fourth count of the revised complaint should be stricken with respect to any reference to Biller on the grounds that "said fourth count does not contain any plain and concise statements of material fact concerning defendant Biller Associates as required [i]n Connecticut Practice Book Section 108 nor does said fourth count fairly apprise defendant Biller Associates of the state of facts which is intended to be proved as required in Connecticut Practice Book Section 109." These grounds are not properly asserted in a motion to strike, which challenges the legal CT Page 10112 sufficiency of a pleading, but should have been addressed by a request to revise. See Practice Book 147. In fact Biller did file a request to revise asserting these same grounds on January 6, 1992, and plaintiffs' objection to this request to revise was sustained by the court (Burns, J.) on February 24, 1992.
Motion to Strike Denied.
Wagner, J.