This is an appeal from the decision of the Circuit Court in the twelfth circuit denying the plaintiff's appeal from the decision of the fair hearing officer of the defendant. In his complaint to the Circuit Court, the plaintiff alleged impropriety on the part of the fair hearing officer in ordering the plaintiff's removal from the rolls under the aid to families with dependent children program (AFDC) unless the plaintiff assigned his interest in three causes of action to the state.
The plaintiff, a male forty-five years of age, was found to be eligible to receive disability benefits from the social security administration on February 7, 1974, and has been a continuous recipient of public assistance from the state welfare department since September 3, 1971, when his family was found eligible for benefits under the aid to dependent children — incapacitated parent program, as a result of a determination by the welfare department that he was physically incapacitated.
In June, 1972, the plaintiff received notification that unless he assigned his interest in pending tort claims to the department, his assistance would be discontinued. A request for a hearing was made, but after the hearing the decision of the district office was upheld.
Shortly thereafter the plaintiff signed, under protest, the assignment of interest forms to prevent the department from discontinuing his AFDC award for himself, his wife and his three dependent children. After he separated from his wife, the plaintiff was found eligible to receive benefits under the welfare department's aid to the permanently and totally disabled program, effective December 1, 1972, and continuously received aid thereunder until his award was discontinued in due course. The appeal of the plaintiff from the decision of the fair *Page 516 
hearing officer to the Circuit Court in the twelfth circuit was dismissed. From that action the present appeal has been taken.
The applicable state statutes and regulation in this case are General Statutes § 17-83f, which gives the state a lien against the proceeds of a public assistance beneficiary's lawsuit and provides for the assignment of those proceeds by the beneficiary; General Statutes § 17-82d, which allows the welfare commissioner to discontinue an award in order to carry out the provisions of the chapter and states that a beneficiary is conclusively presumed to have accepted the provisions of § 17-83f, inter alia; and index 324(B) of volume 1, chapter III, of the Connecticut State Welfare Manual, which states that a recipient is required to assign his interest in a cause of action as a condition of initial or continuing eligibility.
The plaintiff's first assignment of error alleges that General Statutes § 17-83f and state welfare department policy promulgated thereunder, which make it a condition of eligibility that a recipient of public assistance assign his interest in a cause of action to the state, are in violation of the federal Social Security Act; 49 Stat. 620, as amended,42 U.S.C. § 301-1396 (Sup. III, 1973); in that they create an additional eligibility requirement, which is neither contained in the act nor consistent with its objectives, and are therefore invalid under the supremacy clause of the United States constitution.
The leading case in this area is King v. Smith, 392 U.S. 309, decided in 1968, in which the United States Supreme Court held that Alabama's regulation denying AFDC benefits to needy children with substitute fathers violated the provision of the Social Security Act requiring that aid be granted "with reasonable promptness to all eligible *Page 517 
individuals." 42 U.S.C. § 602 (a)(9) (1964). The Supreme Court interpreted eligibility in terms of the definition. of "dependent child" in 42 U.S.C. § 606 (a) (1964), thus making eligibility for AFDC benefits, to a certain extent, a matter of federal law. The King doctrine was crystallized in Townsend v. Swank, 404 U.S. 282, 286, decided in 1971, which states: "Thus, King v. Smith establishes that, at least in the absence of congressional authorization for the exclusion clearly evidenced from the Social Security Act or its legislative history, a state eligibility standard that excludes persons eligible for assistance under federal AFDC standards violates the Social Security Act and is therefore invalid under the Supremacy Clause." In Townsend, the court invalidated Illinois' exclusion of dependent children eighteen through twenty years of age attending a college or university from the AFDC rolls in the face of their clear inclusion in the federal definition of "dependent child." The so-called trilogy was complete with Carleson v.Remillard, 406 U.S. 598, decided in 1972, which, on the basis of King andTownsend, invalidated California's prohibition of aid to dependent children whose parents were absent due to military service.
A case directly on point is Snell v. Wyman, 281 F. Sup. 853, affirmed without opinion, 393 U.S. 323.[1] Although the United States District Court for the Southern District of New York decided the case in 1968, before King was decided, the judgment was affirmed in 1969, after King
was decided. In Snell, one of the plaintiffs challenged a New York statute *Page 518 
and regulation which required her, as a condition to her continued eligibility for public assistance, to execute an assignment of the proceeds of her personal injury lawsuit. The court held that those state requirements did not conflict with the Social Security Act and therefore did not violate the Supremacy Clause. The court cited as one of its reasons 42 U.S.C. § 603 (b)(2)(B) (1964), which provides that each state's grant is to be "reduced by a sum equivalent to the pro rata share to which the United States is equitably entitled, as determined by the Secretary of Health, Education, and Welfare, of the net amount recovered during any prior quarter by the State." The court also considered the wide prevalence among the states of statutes such as those in issue; the duty of HEW's secretary to disapprove, and withhold funds from, unlawful state programs; and the apparent acquiescence of Congress in state programs with such statutes.
The Supreme Court not only affirmed the judgment of the United States District Court in Snell but cited it with approval in New York Departmentof Social Services v. Dublino, 413 U.S. 405, decided in 1973. In that case the plaintiffs claimed that the work rules of the New York social welfare law, requiring certain public assistance recipients to report for suitable employment when available and to abide by other rules of the work incentive program as conditions for continued assistance, violated the Social Security Act. The court rejected the plaintiffs' argument based on the King-Townsend-Carleson trilogy. The court declared (p. 421): "In those cases it was clear that state law excluded people from AFDC benefits who the Social Security Act expressly provided would be eligible. The Court found no room either in the Act's language or legislative history to warrant the States' *Page 519 
additional eligibility requirements. Here, by contrast, the Act allows for complementary state work incentive programs and procedures incident thereto — even if they become conditions for continued assistance. Such programs and procedures are not necessarily invalid, any more than other supplementary regulations promulgated within the legitimate sphere of state administration. See Wyman v. James, 400 U.S. 309 . . .; Snell
v. Wyman, 281 F. Sup. 853, aff'd, 393 U.S. 323 . . .
In this case, the statutes, General Statutes §§ 17-83f and 17-82d, and the regulation in question are "supplementary regulations promulgated within the legitimate sphere of state administration." Id., 422. On the basis of Snell and Dublino, they do not conflict with the Social Security Act and therefore do not violate the supremacy clause.
The plaintiff's second assignment of errors was not briefed and therefore will not be considered. Klahr v. Kostopoulos, 138 Conn. 653,657.
 The appeal of the plaintiff must therefore fail.
There is no error.
In this opinion SPONZO and HAMILL, Js., concurred.