## Lorraine Dupuis *v.* Welfare Commissioner

### Appellate Session of the Superior Court

File No. 324

Argued September 15, 1976—decided January 7, 1977

*Wendell S. Gates,* assistant attorney general, with whom, on the brief, was *Carl R. Ajello,* attorney general, for the appellant (defendant).

*Joanne H. Miner,* for the appellee (plaintiff).

Sponzo, J. This is an appeal from the decision of the trial court sustaining the plaintiff's claim that the defendant acted illegally and arbitrarily in terminating benefits received by her under the aid for dependent children program, hereinafter

AFDC, administered by the state welfare department. These AFDC payments were terminated because of the refusal of the plaintiff to assign all of her interest in and to an estate left by her mother.

The facts reveal that on June 21, 1965, the plaintiff was granted an AFDC award. On March 17, 1975, the defendant received information that the plaintiff was appointed executrix of the estate of her mother and that she had a potential interest in the estate. Thereafter, the plaintiff was requested to assign her interest in the estate pursuant to the provisions of 1 Conn. State Welfare Manual, c. III, index 324. Because the plaintiff refused to make this assignment, she was notified on March 19, 1975, that her award would be discontinued. Upon request, an evidentiary hearing was held on April 4, 1975, and the AFDC award was officially discontinued on April 15, 1975. Pursuant to the provisions of § 17-2a of the General Statutes a fair hearing was requested and held on May 6, 1975. The fair hearing officer upheld the discontinuance of the award and the plaintiff appealed from that decision pursuant to the provisions of § 17-2b of the General Statutes. The trial court sustained the plaintiff's appeal.

The defendant's principal assignment of error attacks the conclusion of the trial court that the defendant commissioner had no authority to require an assignment of the plaintiff's potential interest in the estate of her mother. In *Snell* v. *Wyman*, 281 F. Sup. 853 (S.D.N.Y.), affirmed without opinion, 393 U.S. 323, the right of a state to require, as a condition for continued eligibility for public assistance, the execution of an assignment of certain proceeds was upheld. In exercising that right, however, it is necessary that the commissioner rely on some statutory authority.

The power of the defendant to promulgate regulations must, be found in some statute. General Statutes § 17-2 (a) (Rev. to 1975) provides that "[t]he welfare commissioner . . . administer the law concerning . . . aid to dependent children and welfare of children who require the care, protection or discipline of the state. He is directed to issue regulations . . . and . . . to include therein all written statements of general applicability which implement or interpret all laws under which he operates, or which establish the general policy of the state welfare department with respect to any responsibility with which he is charged by law. . . ." It is clear that if the regulation requiring an AFDC recipient to execute an assignment of an interest in a decedent's estate is to be upheld, there must be statutory authority to support it. General Statutes § 17-83e gives the state a claim against a beneficiary of AFDC assistance who has acquired property of any kind or an interest in any property, estate or claim of any kind. This claim is limited to the full amount of assistance paid to the recipient. Nowhere in this section is the defendant given the power to require an assignment of any possible interest in an estate. The defendant contends that § 17-83f gives the defendant the power to demand an assignment in such cases. Section 17-83f gives the state a lien against the proceeds of causes of action of beneficiaries of aid. The statute also provides that such proceeds "shall be assignable to the state for payment of the amount due" by virtue of the repayment provisions of § 17-83e. The power of the defendant commissioner to request this assignment as a condition of continuing eligibility for benefits was upheld in *Chartier* v. *Commissioner of Welfare*, 32 Conn. Sup. 514. *Chartier*, however, is distinguishable from the present appeal because in that case the defendant promulgated his

regulation regarding assignments pursuant to specific statutory authorization for assignments. Section 17-83e, which must control this appeal, contains no similar authorization. If the legislature intended to give the defendant the power to require assignments of interests other than the proceeds of causes of action, it would have expressed that intention by a specific authorization in § 17-83e. See *State ex rel. Barnard* v. *Ambrogio*, 162 Conn. 491, 498; *Hartford Electric Light Co.* v. *Water Resources Commission*, 162 Conn. 89, 98.

If it is assumed that the defendant did possess the power to require such an assignment, the exercise of that power in this case was illegal because it denied the plaintiff her right of due process. The assignment requested would have required the assignment of an undetermined interest. The net effect of § 17-83e is to enable the state to pursue an action for the repayment of total AFDC assistance. It does not give the state the power to make a summary seizure of proceeds or interests in the estates of decedents. Otherwise, it would circumvent the procedural formalities of normal civil proceedings for the repayment of a debt and give rise to possible due process deprivations. *Thibeault* v. *White,* 168 Conn. 112, 117–18.

There is no error.

In this opinion PARSKEY, J., concurred.

DAVID M. SHEA, J. (concurring in the result). I disagree with the conclusion that the requirement of an assignment of the plaintiff's interest in her mother's estate deprived her of due process. The availability of the fair hearing procedure under § 17-2a, a procedure utilized by the plaintiff in this case, satisfies any due process requirement. *State* v. *Griffiths,* 152 Conn. 48, 56–57. The opportunity

afforded the defendant to contest the regulation involved as demonstrated by the record in this case adequately protects her constitutional rights.

Neither can I agree with the implication of the opinion that the regulation issued by the commissioner was in excess of his authority under § 17-2 (a). The regulation refers to the form but does not specify that revisions to indicate its purpose more clearly may not be made. This regulation seems to be merely an implementation of § 17-83e and gives the state no greater right than it already had under the statute. The reference in *Thibeault* v. *White,* 168 Conn. 112, 118, to "circumventing the procedural formalities of the normal civil action for repayment of a debt" should not be understood as discountenancing a regulation that would make it unnecessary for the state to bring a civil action in every case of this kind. The fact that a special statute has been deemed necessary to effectuate an assignment of a cause of action as provided in § 17-83f does not indicate a contrary legislative intention in view of the non-assignability at common law of many kinds of civil actions, such as personal injury cases. *Berlinski* v. *Ovellette,* 164 Conn. 482, 485.

The state would not have any greater security than that to which it was entitled simply because the subject of the assignment requested was an undetermined interest of the plaintiff in her mother's estate which might exceed the claim for reimbursement, as the trial court concluded. The same result would follow from an assignment of a cause of action under § 17-83f which the majority opinion sanctions. Despite the references to the "potential" or "undetermined" interest of the plaintiff, it is apparent from the record that her interest in the estate became fixed or vested at the time

her mother died and that the only aspect remaining to be determined was the value of her distributive share. If the state had proceeded by a normal civil action, as suggested by the opinion, undoubtedly it would have sought and obtained as a prejudgment remedy the garnishment of the administrator or executor of the estate. Until the value of the plaintiff's interest became determined, the garnishment would affect her entire interest in the estate.

A garnishment would have to specify the precise amount of the claim to be secured, however. The assignment form involved here did not contain any specification of the amount which it was intended to secure, but it did contain the recital that it was being given "in consideration of grants of public assistance paid to me by the State of Connecticut and for the purpose of repaying the same as is by law provided." It also provided that the assignment was being made in accordance with § 17-83e. Even if the assignment were in the form of an absolute transfer, it would not have that effect if it were intended merely to secure an indebtedness. *Guilford-Chester Water Co.* v. *Guilford,* 107 Conn. 519, 529; *Williams* v. *Chadwick,* 74 Conn. 252, 255. When an instrument is given for the purpose of effectuating a statute, its language is to be interpreted in the light of the statute and with a view to effectuating the legislative intent manifested therein. *International Harvester Co.* v. *L. G. DeFelice & Son, Inc.,* 151 Conn. 325, 336–37; *New Britain Lumber Co.* v. *American Surety Co.,* 113 Conn. 1, 5.

It was, nevertheless, a legitimate objection to the form which the plaintiff was requested to sign that it failed to reflect with proper clarity the real nature of the transaction and did not specify the amount of the debt which the assignment was

intended to secure. The record indicates that at least some part of the plaintiff's objection to signing the form was based on those grounds. Therefore, the defendant commissioner had no right to insist upon having the plaintiff sign the form without making revisions which would indicate without question that its purpose was merely to secure the amount of the debt which existed at that time. For this reason I concur in the result.