This is an appeal from the decision of the trial court sustaining the plaintiff's claim that the defendant acted illegally and arbitrarily in terminating benefits received by her under the aid for dependent children program, hereinafter *Page 587 
AFDC, administered by the state welfare department. These AFDC payments were terminated because of the refusal of the plaintiff to assign all of her interest in and to an estate left by her mother.
The facts reveal that on June 21, 1965, the plaintiff was granted an AFDC award. On March 17, 1975, the defendant received information that the plaintiff was appointed executrix of the estate of her mother and that she had a potential interest in the estate. Thereafter, the plaintiff was requested to assign her interest in the estate pursuant to the provisions of 1 Conn. State Welfare Manual, c. III, index 324. Because the plaintiff refused to make this assignment, she was notified on March 19, 1975, that her award would be discontinued. Upon request, an evidentiary hearing was held on April 4, 1975, and the AFDC award was officially discontinued on April 15, 1975. Pursuant to the provisions of 17-2a of the General Statutes a fair hearing was requested and held on May 6, 1975. The fair hearing officer upheld the discontinuance of the award and the plaintiff appealed from that decision pursuant to the provisions of 17-2b of the General Statutes. The trial court sustained the plaintiff's appeal.
The defendant's principal assignment of error attacks the conclusion of the trial court that the defendant commissioner had no authority to require an assignment of the plaintiff's potential interest in the estate of her mother. In Snell v. Wyman, 281 F. Sup. 853 (S.D.N.Y.), affirmed without opinion, 393 U.S. 323, the right of a state to require, as a condition for continued eligibility for public assistance, the execution of an assignment of certain proceeds was upheld. In exercising that right, however, it is necessary that the commissioner rely on some statutory authority. *Page 588 
The power of the defendant to promulgate regulations must be found in some statute. General Statutes 17-2 (a) (Rev. to 1975) provides that "[t]he welfare commissioner . . . administer the law concerning . . . aid to dependent children and welfare of children who require the care, protection or discipline of the state. He is directed to issue regulations . . . and . . . to include therein all written statements of general applicability which implement or interpret all laws under which he operates, or which establish the general policy of the state welfare department with respect to any responsibility with which he is charged by law . . . ." It is clear that if the regulation requiring an AFDC recipient to execute an assignment of an interest in a decedent's estate is to be upheld, there must be statutory authority to support it. General Statutes 17-83e gives the state a claim against a beneficiary of AFDC assistance who has acquired property of any kind or an interest in any property, estate or claim of any kind. This claim is limited to the full amount of assistance paid to the recipient. Nowhere in this section is the defendant given the power to require an assignment of any possible interest in an estate. The defendant contends that 17-83f gives the defendant the power to demand an assignment in such cases. Section 17-83f gives the state a lien against the proceeds of causes of action of beneficiaries of aid. The statute also provides that such proceeds "shall be assignable to the state for payment of the amount due" by virtue of the repayment provisions of 17-83e. The power of the defendant commissioner to request this assignment as a condition of continuing eligibility for benefits was upheld in Chartier v. Commissioner of Welfare,32 Conn. Sup. 514. Chartier, however, is distinguishable from the present appeal because in that case the defendant promulgated his *Page 589 
regulation regarding assignments pursuant to specific statutory authorization for assignments. Section 17-83e, which must control this appeal, contains no similar authorization. If the legislature intended to give the defendant the power to require assignments of interests other than the proceeds of causes of action, it would have expressed that intention by a specific authorization in 17-83e. See State ex rel. Barnard v. Ambrogio, 162 Conn. 491, 498; Hartford Electric Light Co. v. Water Resources Commission, 162 Conn. 89,98.
If it is assumed that the defendant did possess the power to require such an assignment, the exercise of that power in this case was illegal because it denied the plaintiff her right of due process. The assignment requested would have required the assignment of an undetermined interest. The net effect of 17-83e is to enable the state to pursue an action for the repayment of total AFDC assistance. It does not give the state the power to make a summary seizure of proceeds or interests in the estates of decedents. Otherwise, it would circumvent the procedural formalities of normal civil proceedings for the repayment of a debt and give rise to possible due process deprivations. Thibeault v. White, 168 Conn. 112, 117-18.
 There is no error.
In this opinion PARSKEY, J., concurred.